# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### 5:18-cv-142-FDW

| | | |
|---|---|---|
| EARL JAMES WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| PAULA SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the North Carolina Department of Public Safety's ("NCDPS") sealed Notice, (Doc. No. 16), informing the Court that it has been unable to procure a waiver of service of process for Defendants **Lawrence Parsons, Marta M. Kalinski, Leonardo X. Polanco, Grena Mundle, R.N.,**[1] **Melissa Quinn,**[2] **FNU Chung, FNU Ford,** and **Jane Doe II (Nurse)**, and on the Court's periodic review of the case file.

NCDPS has provided the last known addresses for Defendants **Parsons, Kalinski, Mundle** and **Quinn** under seal. The Clerk of Court is directed to notify the U.S. Marshal that Defendants Parsons, Kalinski, Mundle and Quinn need to be served with the summons and Complaint in accordance with Rule 4 the Federal Rules of Civil Procedure. If Defendants Parsons, Kalinski, Mundle and Quinn cannot be served at the addresses provided by the NCDPS, the U.S. Marshal shall be responsible for locating their home addresses so that they may be served. See 28 U.S.C. § 1915(d) (in actions brought *in forma pauperis* under § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases"); Fed. R. Civ. P. 4(c)(3) ("At the

---

[1] "FNU Mundle" in the Complaint.
[2] "FNU Quinn" in the Complaint.

1

plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915…."). If the U.S. Marshal is unable to obtain service on Defendants Parsons, Kalinski, Mundle and Quinn, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service. The U.S. Marshal shall not disclose Defendants' home addresses to the *pro se* incarcerated Plaintiff and shall file any document containing such addresses under seal.

The Court notes that a summons has been returned unexecuted as to **Steve McFarland**, with the return stating "Process was returned on 01/08/2019- unable to find- return to sender." (Doc. No. 17). Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding *in forma pauperis* provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort"). This Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain service on the Defendant McFarland. If the U.S. Marshal is

unable to obtain service on Defendant McFarland, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service. The U.S. Marshal shall not disclose Defendant's home addresses to the *pro se* incarcerated Plaintiff and shall file any document containing such addresses under seal.

NCDPS is unable to confirm a last known address for **Dr. Polanco** at this time but states that it will promptly file this information upon receipt. NCDPS further represents that it has insufficient information by which to properly identify Defendants **FNU Chung** and **FNU Ford**. NCDPS is continuing to search incident reports, disciplinary reports, and shift narratives in an attempt to properly identify these individuals and will submit executed waivers or otherwise notify the Court accordingly.

With regards to **Nurse Jane Doe 2**, NCDPS notes that she is employed by Catawba Valley Medical Center and thus an executed waiver cannot be obtained for that Defendant. Plaintiff is instructed to file a Notice within **ten (10) days** of this Order providing any and all information about Nurse Jane Doe 2 to assist the Marshal in identifying and effectuating service on this individual. Plaintiff shall file with his Notice updated Summons forms so that Nurse Jane Doe 2 may be served. Plaintiff is cautioned that failure to comply with this Order may result in dismissal of the claims against Nurse Jane Doe 2.

The Clerk of Court will be ordered to correct the Defendants' names in the record.

**IT IS THEREFORE ORDERED that:**

(1)     The U.S. Marshal shall use all reasonable efforts to locate and obtain service on Defendants **Parsons, Kalinski, Mundle, Quinn** and **McFarland**. If the U.S. Marshal is unable to obtain service on Defendants Parsons, Kalinski, Mundle, Quinn and McFarland the U.S. Marshal shall inform the Court of the reasonable

attempts to obtain service.

(2)     The Clerk is respectfully instructed to mail a copy of the Complaint, (Doc. No. 1), the Sealed Notice containing Defendants' last known addresses, (Doc. No. 16), and this Order to the U.S. Marshal.

(3)     Plaintiff is instructed to file a Notice within **ten (10) days** of this Order providing any and all information about **Nurse Jane Doe 2** to assist the Marshal in identifying and effectuating service on that individual. Plaintiff shall file with his Notice a summons form for Nurse Jane Doe 2. Plaintiff is cautioned that failure to comply with this Order may result in dismissal of the claims against Nurse Jane Doe 2.

(4)     **IT IS FURTHER ORDERED** that the Clerk of Court is instructed to substitute the parties' names as follows:

**Grena Mundle, R.N.** for "FNU Mundle"

**Melissa Quinn** for "FNU Quinn"

Signed: January 30, 2019

Frank D. Whitney
Chief United States District Judge