IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No. 5:18-CV-00142-FDW

| | |
|---|---|
| EARL JAMES WATSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PAULA SMITH, et al, )<br>)<br>Defendant. )<br>) | **REPLY TO PLAINTIFF'S**<br>**RESPONSE IN OPPOSITION**<br>**TO MOTION TO DISMISS** |

Defendant Frank E. Rinaldo, Jr. ("Rinaldo"), through counsel, files this reply to Plaintiff's Response in Opposition (Doc. No. 49) to the Defendant's Motion to Dismiss and Plaintiff's Brief in Support of that Response (Doc. No. 51). Capitalized terms used herein but not otherwise defined shall have the meanings given in the Brief of Defendant Frank E. Rinaldo, Jr. in Support of Motion to Dismiss Complaint (Doc. No. 23-1) (the "Brief").

**ARGUMENT IN REPLY**

The Plaintiff's opposition to the Motion to Dismiss raises two arguments. First, the Plaintiff argues that the exception articulated in *Polk County v. Dodson*, 454 U.S. 312 (1981) excluding public defenders as state actors for purposes of § 1983 actions does not apply to Rinaldo. Doc. No. 51 at 3-4. The argument misconstrues the issue before the court. The issue is whether Rinaldo, a privately

employed medical provider who administered medical treatment to the Plaintiff, is a state actor for purposes of an excessive force claim based on an alleged assault. Rinaldo, unlike a public defender, is not employed by the state and thus an exception such as the *Polk County* exception to the general rule that someone who is employed by the state is a state actor does not apply. Rather, there must be a principle that establishes that a privately employed individual *is* a state actor for an explicit purpose.

The Plaintiff fails to show how a private medical care provider is a state actor under 42 U.C.S. § 1983 for an excessive force claim. Rinaldo is not a prison guard, employee of a state prison, or even a privately employed individual tasked with the state's responsibility to refrain from using excessive force when maintaining or restoring discipline and, thus, it cannot be said that he acted under color of state law when he allegedly assaulted the Plaintiff. As set forth in the Brief, it is untenable to say that the state delegates to a private medical care provider all of its duties with respect to a prisoner when it delegates the duty to provide adequate medical care to the provider. Consequently, the Plaintiff fails to state a claim against Rinaldo under 42 U.S.C. § 1983 for excessive force.

Second, the Plaintiff indicates that he has "cured" the defects in the Complaint by adding a claim of deliberate indifference to serious medical needs

against Rinaldo and a request that the court exercise its supplemental jurisdiction over the state law assault claims.[1] *See* Doc. No. 51 at 4.

With respect to the new claim of deliberate indifference to serious medical needs, the Plaintiff has added no factual allegations to support such a claim in either his response to the Motion to Dismiss and brief in support thereof or in his motion to amend the complaint. Rather, he simply tacks on conclusory statements that the alleged assault constitutes deliberate indifference to serious medical needs. Such statements do not satisfy the well-pleaded complaint requirements. *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions, or unreasonable inferences") (quotation omitted). As the court indicated in its 1915A screening order, the allegations meet the frivolity standards for an assault claim and an excessive force claim. However, nothing in the Complaint supports a claim of deliberate indifference to serious medical needs. Consequently, the original Complaint and the complaint as amended fail to state claims against Rinaldo under 42 U.S.C. § 1983.

---

[1] The Plaintiff has moved for leave to amend the Complaint to add the deliberate indifference to serious medical needs claim against Rinaldo. *See* Doc. No. 50. Concurrent with the filing of this reply Rinaldo has filed a response to the motion to amend (which is incorporated by reference herein) in which he submits that leave to amend is not warranted given the amended complaint fails as a matter of law.

Moreover, as discussed in the Brief, because the Plaintiff has failed to state a viable § 1983 claim (either for deliberate indifference to serious medical need or an excessive force), the Court should not exercise supplemental jurisdiction over the state law assault claims.

## CONCLUSION

WHEREFORE, Rinaldo prays that this Court grant the Motion to Dismiss and dismiss all claims asserted against him in the Complaint and Complaint as amended by the pending Motion to Amend and grant Rinaldo such other and further relief as may be just and proper.

This the 27th day of February, 2019.

                              ROBERTS & STEVENS, P.A.

                              BY:   s/ Phillip T. Jackson
                                      PHILLIP T. JACKSON
                                      N.C. Bar No. 21134
                                      pjackson@roberts-stevens.com
                                      ELIZABETH T. DECHANT
                                      N.C. Bar No. 44855
                                      edechant@roberts-stevens.com
                                      Attorneys for Defendant
                                       Frank E. Rinaldo, Jr.
                                      P. O. Box 7647
                                      Asheville, NC 28802
                                      Telephone: (828) 252-6600
                                      Facsimile: (828) 253-7200

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Reply to Plaintiff's Response in Opposition to Motion to Dismiss** has been served on all parties who have an account with CM/ECF in this matter by notice of electronic filing through the CM/ECF system/electronic mail. I hereby further certify that a true and correct copy of the foregoing was served on the Plaintiff by depositing a copy hereof in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service, property addressed as set forth below:

> Earl James Watson
> #0427261
> P.O. Box 460
> Badin, NC 28009

This the 27th day of February, 2019.

s/ Phillip T. Jackson

R&S 2186752_1
Case 5:18-cv-00142-MR   Document 57   Filed 02/27/19   Page 6 of 6