UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-142-FDW

| EARL JAMES WATSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| PAULA SMITH, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court on Motions to Dismiss filed by Defendants Frank E. Rinaldo, Jr., (Doc. No. 23), and Melissa Quinn, (Doc. No. 34), as well as Plaintiff's Motion to Amend Complaint, (Doc No. 50).

**I. BACKGROUND**

*Pro se* Plaintiff has filed a civil rights suit pursuant to 42 U.S.C. § 1983 addressing events that allegedly occurred at the Catawba Valley Medical Center ("CVMC"), Alexander C.I., Central Prison, and Albemarle C.I. The Complaint passed initial review against Defendants including Frank E. Rinaldo, Jr., and "FNU Quinn" whom NCDPS identified as Melissa Quinn. (Doc. Nos. 8, 16). Motions to Dismiss filed by Defendants Rinaldo and Quinn, and a Motion to Amend with an attached proposed Amended Complaint are presenting before the Court for review.

**(1) Complaint**[1]

Construing the Complaint liberally and accepting the allegations as true, NCDPS correctional officers transported Plaintiff to CVMC on September 23, 2015, for scheduled back surgery. CVMC nurses looked at Plaintiff's tattoo during preoperative procedures and, before

---
[1] Only the allegations relevant to the Motions to Dismiss are included in this section.

1

surgery, gave Plaintiff medication ordered by CVMC doctor McFarland. Plaintiff was then pushed into what appeared to be a laundry room while the NCDPS officers were led away, leaving Plaintiff unattended by prison staff. Defendant Rinaldo, a CVMC anesthesiologist, and McFarland then allegedly beat and sexually assaulted Plaintiff because they apparently believed that Plaintiff's tattoo was a memorial to the women he had raped. Plaintiff was unable to defend himself because of the medication he had been given. This allegedly happened within the presence of at least one CVMC nurse. The attack caused Plaintiff excruciating pain and left him impotent, incontinent, and with painful injuries to his leg, foot, back, chest, and neck.

**(2)** **Defendant Rinaldo's Motion to Dismiss** (Doc. No. 23)

Defendant Rinaldo argues that the alleged facts do not show that Rinaldo was acting under color of law, and therefore, Plaintiff has failed to state a claim under § 1983. The § 1983 claims, and the related North Carolina claims, should be dismissed with prejudice.

Plaintiff alleges that Rinaldo was employed as an anesthesiologist at CVMC at the relevant times, and Plaintiff does not allege that Rinaldo was a state-employed medical provider or state correctional officer. Although Rinaldo might be seen as acting under state law while medically treating Plaintiff and could be liable for deliberate indifference to a serious medical need. However, Plaintiff's excessive force claim is separate from any medical treatment and was outside the scope of any duty delegated by the State. The State delegated, at most, its duty to provide medical care, so Rinaldo was not acting under color of state law when he allegedly assaulted Plaintiff. Rinaldo argues that this analysis also applies to McFarland and Nurse Jane Doe 2 because they are private medical employees of medical providers, not the state Department of Corrections.

**(3)** **Plaintiff's Responses & Motion to Amend** (Doc. Nos. 49, 50, 51)

Plaintiff was informed of his right to respond to the Motion to Dismiss and cautioned him

that the failure to respond might result in Defendant being granted the relief he seeks. (Doc. No. 25). Plaintiff filed a Response which repeats the factual allegations set forth in the Complaint and argues that he has raised a genuine issue of material fact that support judgment in his favor. Plaintiff further argues that McFarland and Rinaldo were under contract to provide medical services to NCDPS and that he should be allowed to amend his Complaint and that his claims against Rinaldo and McFarland should be allowed to proceed under a deliberate indifference theory and that the Court should exercise supplemental jurisdiction over his North Carolina claims.

Plaintiff further argues that he should be permitted to amend his Complaint as a matter of course.

**(4)** **Defendant Rinaldo's Reply** (Doc. No. 57)

Defendant Rinaldo argues that a privately employed individual is only a state actor if he is acting for the state for an explicit purpose. Plaintiff fails to show how a private medical care provider is a state actor on an excessive force claim. The state does not delegate to a private medical care provider all of its duties when it delegates the duty to provide adequate medical care. Plaintiff's new claim in the Amended Complaint does not add any factual allegations in response to the Motion to Dismiss or in his Motion to Amend; he conclusively states that the alleged assault constitutes deliberate indifference to a serious medical need. This does not satisfy the well-pleaded complaint requirements. The allegations meet the frivolity standard for assault and excessive force, not deliberate indifference. Plaintiff has thus failed to state a viable claim either for deliberate indifference or excessive force and the Court should not exercise supplemental jurisdiction over Plaintiff's North Carolina assault claims.

**(5)** **Defendant Rinaldo's Response to Plaintiff's Motion to Amend** (Doc. No. 58)

Defendant Rinaldo argues that Plaintiff's Motion to Amend should be denied because

Plaintiff did not amend as a matter of course and justice does not require amendment. The proposed Amended Complaint attempts to add a claim of deliberate indifference to serious medical needs by Rinaldo, however, the allegations do not support a deliberate indifference claim. That claim relies solely on the alleged assault, so the Amended Complaint does not meet the well-pleaded complaint requirements. The Court's screening order found basis for assault and excessive force claim, but not medical deliberate indifference. The Court already considered the issue of supplemental jurisdiction. The Amended Complaint fails as a matter of law so leave to amend should not be granted.

**(6)** **Defendant Melissa Quinn's Motion to Dismiss** (Doc. No. 34)

Defendant Melissa Quinn states that she was not employed at the Albemarle C.I. at the relevant times and has been erroneously identified as the "FNU Quinn" named in the Complaint.[2]

**(7)** **Plaintiff's Response to Quinn's Motion to Dismiss** (Doc. No. 52)

Plaintiff concedes that Melissa Quinn is not the correct Defendant. He intended to sue Keven Quinn.

## II. LEGAL STANDARDS

**(1)** **Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses," Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts

---

[2] A Request for Waiver of Service with regards to Keven Quinn is pending before NCDPS. See (Doc. No. 60).

all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor does a court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009).

**(2)** **Motion to Amend**

A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

### III. DISCUSSION

**(1)** **Defendant Rinaldo's Motion to Dismiss**

The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). The "under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how

5

discriminatory or wrongful.'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982) (treating § 1983's "color of law" requirement as the equivalent to the "state action" requirement under the 14th Amendment)). Determining whether a private party's action is fairly attributable to the state requires the court to begin by identifying the specific conduct of which the plaintiff complains. American Mfrs, 526 U.S. at 50. This inquiry is "fact-bound." Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 (1982). Circumstances under which the Supreme Court has held that a private party may be deemed a state actor for purposes of § 1983 liability are: "(1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." Andrews v. Fed'l Home Loan Bank, 998 F.2d 214, 217 (4th Cir. 1993); see also Goldstein v. Chestnut Ridge Vol. Fire Co., 218 F.3d 337, 342 (4th Cir. 2000); Haavistola v. Community Fire Co., 6 F.3d 211, 215 (4th Cir. 1993). As a general matter, physician authorized by the state to provide medical care to a prisoner exercises power that is traditionally the exclusive prerogative of the state, regardless of the physician's employment relationship with the state. Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994); see also West v. Atkins, 487 U.S. 42 (1988) (physician who was under contract with state to provide medical services to inmates at state prison hospital on part-time basis acted under the color of state law when he treated inmate).

The specific conduct of which Plaintiff complains is the alleged beating by private medical providers. They are in the nature of excessive force, failure to intervene, and state law assault and battery. According to Plaintiff's allegations, the state contracted with the private medical providers

6

for medical services. Plaintiff has failed to rebut Defendant Rinaldo's argument that he was only a state actor for purposes of medical care and that Plaintiff's claims only relate to excessive force and assault were outside his scope of his delegated duties. The Court agrees. See, e.g., Mentavlos v. Anderson, 249 F.3d 301 (4th Cir. 2001) (Citadel cadet's decision to engage in unauthorized harassment of another student was not state action under § 1983; even though the school had delegated to the cadet some limited authority to act, the state did not coerce, compel, or encourage the harassment by any law, regulation, or custom and thus the cadet's actions could not be fairly attributed to the state under § 1983). Plaintiff has failed to demonstrate that Defendant Rinaldo was acting under the color of state law when he allegedly beat Plaintiff. Therefore, Defendant Rinaldo's Motion to Dismiss will be granted.

**(2)** **Defendant Melissa Quinn's Motion to Dismiss**

Melissa Quinn argues, and Plaintiff agrees, that she has been misidentified as a Defendant and had nothing to do with Plaintiff's case. Defendant Melissa Quinn's Motion to Dismiss will therefore be granted.

**(3)** **Plaintiff's Motion to Amend**

Plaintiff failed to file an Amended Complaint as a matter of course so he needs leave of court to amend. The Court will liberally grant Plaintiff's Motion to Amend; Defendant Rinaldo has failed to establish that leave should not be granted or that amendment would be futile. Therefore, Plaintiff's Motion to Amend will be granted and the Court will perform frivolity review in a separate order.

**IV. CONCLUSION**

For the reasons stated herein, Defendants Frank E. Rinaldo, Jr., and Melissa Quinn's Motions to Dismiss will be granted, and the § 1983 claims against them will be dismissed with

7

prejudice. The Court declines to exercise supplemental jurisdiction over the state court claims against these Defendants. Plaintiff's Motion to Amend is granted and the Court will issue a separate Order on Initial Review of the proposed Amended Complaint.

**IT IS THEREFORE ORDERED** that:

(1) Defendant Frank E. Rinaldo, Jr.'s Motion to Dismiss, (Doc. No. 23), is **GRANTED** as stated in this Order.

(2) Defendant Melissa Quinn's Motion to Dismiss, (Doc. No. 34), is **GRANTED** as stated in this Order.

(3) Plaintiff's Motion to Amend Complaint, (Doc No. 50), is **GRANTED**.

(4) The Clerk of Court is instructed to separately docket the proposed Amended Complaint, (Doc. No. 50-2), as the Amended Complaint, *nunc pro tunc* to February 20, 2019.

(5) The Clerk of Court is instructed to terminate Frank E. Rinaldo, Jr. and Melissa Quinn as Defendants.

Signed: April 1, 2019

Frank D. Whitney
Chief United States District Judge