UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-142-FDW

| | |
|---|---|
| EARL JAMES WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| PAULA SMITH, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the North Carolina Department of Public Safety's ("NCDPS") sealed Notice, (Doc. No. 94), informing the Court that it has been unable to procure a waiver of service of process for Defendants Sylvia Murphy, Rebecca Gonzalez-Ojeda, and FNU Maine.

NCDPS represents that Defendant Murphy is currently on Family Leave and has provided her last known address. Defendant Gonzalez-Ojeda is not employed by NCDPS and was unable to obtain her last known address but has provided her current employer's address.

The Clerk of Court is directed to notify the U.S. Marshal that Defendants Murphy and Gonzalez-Ojeda need to be served with the summons and Amended Complaint, (Doc. No. 74), in accordance with Rule 4 the Federal Rules of Civil Procedure. If Defendants Murphy and Gonzalez-Ojeda cannot be served at the address provided by the NCDPS, the U.S. Marshal shall be responsible for locating their home addresses so that they may be served. See 28 U.S.C. § 1915(d) (in actions brought *in forma pauperis* under § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases"); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or

1

by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915…."). If the U.S. Marshal is unable to obtain service on Defendants Murphy and Gonzalez-Ojeda, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service. The U.S. Marshal shall not disclose Defendants' home addresses to the *pro se* incarcerated Plaintiff and shall file any document containing such addresses under seal.

NCDPS further represents that it has been unable to locate an employee by the name of "Maine" from whom an executed waiver of service could be obtained.

Plaintiff is instructed to file a Notice within **ten (10) days** of this Order providing any and all information about Defendant Maine to assist NCDPS to identify the individual against whom Plaintiff intends to proceed so that NCDPS may waive service or provide the Court with identifying information pursuant to Local Civil Rule 4.3. Plaintiff is cautioned that failure to comply may result in dismissal of the claims against Defendant Maine without further notice.

NCDPS shall file a Waiver of Service or a Notice pursuant to Local Rule 4.3(b) for Defendant Maine within **ten (10) days** after Plaintiff's Notice is filed.

**IT IS THEREFORE ORDERED that:**

(1) The U.S. Marshal shall use all reasonable efforts to locate and obtain service on **Defendants Murphy** and **Gonzalez-Ojeda**. If the U.S. Marshal is unable to obtain service on these Defendants, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service.

(2) The Clerk of Court is respectfully instructed to mail a copy of the Amended Complaint, (Doc. No. 74), the Sealed Notice, (Doc. No. 94), and this Order to the U.S. Marshal.

(3) Plaintiff is instructed to file a Notice within **ten (10) days** of this Order providing any and all information about **FNU Maine** to assist NCDPS to identify the individual against whom Plaintiff intends to proceed. Plaintiff is cautioned that failure to provide this information may result in dismissal of the claims against FNU Maine without further notice.

(4) NCDPS shall file a Service Waiver or Notice pursuant to Local Rule 4.3(b) as to Defendant FNU Maine within **ten (10) days** after Plaintiff's Notice is filed.

Signed: June 4, 2019

Frank D. Whitney
Chief United States District Judge