# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
#### 5:18-cv-142-FDW

| | | |
|---|---|---|
| **EARL JAMES WATSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **PAULA SMITH, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's Motion to Reargue Dismissal of Defendants McFarland and Rinaldo, (Doc. No. 81), Motion for Preliminary Injunction, (Doc. No. 82), Motion to Correct Clerical Error, (Doc. No. 83), and Motion to Compel Discovery and/or Discovery Conference (Doc. No. 105).

In his Motion to Reargue, Plaintiff asks the Court to amend its Order on initial review of the Amended Complaint under Rule 52(b) of the Federal Rules of Civil Procedure. In that Order on initial review, the Court dismissed Plaintiff's claims against Defendants McFarlane and Rinaldo under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. See (Doc. No. 75).

Rule 52(b) provides that, "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly." The primary purpose of Rule 52(b) is to "ensure that the trial court's findings of fact and legal reasoning are clear." Driskell v. Summit Contracting Group, Inc., 325 F.Supp.3d 665 (W.D.N.C. 2018) (quoting Bailey v. Kennedy, 2002 WL 32818915 at *2 (W.D.N.C. June 10, 2002)). Motions under Rule 25(b) are "intended to correct manifest errors of

1

law or fact or to present newly discovered evidence." Id. (quoting Goodwin v. Cockrell, 2015 WL 12785181 at *1 (E.D.N.C. Dec. 30, 2015)).

Plaintiff "requests to reargue dismissal of Defendants McFarlane and Rinaldo," asserting that the Court should not have dismissed for failure to state a claim. (Doc. No. 81 at 1). Plaintiff argues that Defendants McFarlane and Rinaldo were deliberately indifferent to a serious medical need and used excessive force against him. He argues that these Defendants were acting under the color of state law, were deliberately indifferent by physically and sexually assaulting him, and that they committed "an evil deed and a crime" against him. (Doc. No. 81 at 7). Plaintiff alleges with regards to his claim of medical deliberate indifference that his surgical scar is larger than McFarland had promised, and that x-rays reveal that the rods, screws, and ceramic disks are nothing like McFarland had described. Plaintiff further argues that Defendants Frick and Morton failed to protect Plaintiff from a substantial risk of harm. Plaintiff essentially seeks to reallege the facts contained in his Amended Complaint but he fails to explain how the Court's Order on initial review is manifestly erroneous. Accordingly, Rule 52(b) is inapplicable here and Plaintiff's Motion will be denied.

In his Motion for Preliminary Injunction, (Doc. No. 82), Plaintiff claims that the injuries he received on September 23, 2015 from the denial of adequate medical treatment have been concealed for more than three years and that he continues to suffer serious physical and mental injuries. He requests an order compelling each Defendant to perform their duties under the Constitution by taking him to a suitable independent doctor then carrying out that doctor's orders and otherwise provide him with adequate medical care.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citing Munaf v. Geren, 553 U.S. 674,

689-90 (2008)). A preliminary injunction is a remedy that is "granted only sparingly and in limited circumstances." <u>MicroStrategy, Inc. v. Motorola, Inc.</u>, 245 F.3d 335, 339 (4th Cir. 2001) (quoting <u>Direx Israel, Ltd. v. Breakthrough Med. Corp.</u>, 952 F.2d 802, 816 (4th Cir. 1991)). To obtain a preliminary injunction, a movant must demonstrate: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. <u>DiBiase v. SPX Corp.</u>, 872 F.3d 224, 230 (4th Cir. 2017) (quoting <u>Winter</u>, 555 U.S. at 20).

Plaintiff has failed to demonstrate that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Therefore, his motion for preliminary injunctive relief will be denied.

In his Motion to Correct Clerical Error, (Doc. No. 83), Plaintiff acknowledges that he violated Rule 10(a) by referring in the caption of his Motion to Reargue and the supporting documents, (Doc. No. 83), as "Defendants" rather than "Paula Smith." Plaintiff's Motion is denied as moot because the Court has addressed those papers on the merits despite his error and its correction at this juncture would serve no meaningful purpose.

In his Motion to Compel Discovery, Plaintiff asks that the Court require Defendants produce documents he requested on June 30, 2019 and/or hold a discovery conference. This Motion will be denied as premature because there are some Defendants who remain unserved and the Pretrial Management Order has not yet been entered. Further, Plaintiff's case will be referred to NCPLS for assistance with discovery at the appropriate time which, if NCPLS enters the case, would render Plaintiff's *pro se* discovery efforts moot. <u>See</u> (Doc. Nos. 104, 106).

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Reargue Dismissal of Defendants McFarland and Rinaldo, (Doc. No. 81), is **DENIED.**

2. Plaintiff's Motion for Preliminary Injunction, (Doc. No. 82), is **DENIED.**

3. Plaintiff's Motion to Correct Clerical Error, (Doc. No. 83), is **DENIED** as moot.

4. Plaintiff's Motion to Compel Discovery and/or Discovery Conference, (Doc. No. 105), is **DENIED** as premature.

Signed: October 7, 2019

Frank D. Whitney
Chief United States District Judge