# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-142-FDW

| | |
|---|---|
| EARL JAMES WATSON, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| PAULA SMITH, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on periodic status review of the case.

The United States Marshals Service has been ordered to attempt to serve **Defendants Thomas D. Ford, Rebecca Gonzalez-Ojeda, David E. Guinn, Grena Mundle, Sylvia Murphy,** and **Leonard Polanco** in accordance with Rule 4 of the Federal Rules of Civil Procedure. (Doc. No. 48) (Polanco, Ford); (Doc. No. 55) (Mundle); (Doc. No. 85) (Guinn); (Doc. No. 96) (Murphy, Gonzalez-Ojeda). The U.S. Marshals Service was instructed to use all reasonable efforts to locate and obtain personal service on Defendants and, if it was unable to obtain service, to inform the Court of its reasonable attempts to do so. (Id.).

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding *in forma pauperis* provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure

1

that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

No summons form has been returned with regards to Defendants Ford, Gonzalez-Ojeda, Mundle, Murphy, or Polanco. Within **14 days** of this Order, the U.S. Marshals Service shall file a Response informing the Court of the status of its efforts to serve Defendants **Ford, Gonzalez-Ojeda, Mundle, Murphy,** and **Polanco** accordance with the above-mentioned Orders.

The U.S. Marshals Service filed an unexecuted summons form with respect to Defendant Guinn, indicating that it had made three attempts to serve him and also made several attempts to contact him by phone. (Doc. No. 100). The Court will instruct the U.S. Marshal to again use reasonable efforts to locate and obtain service on the Defendant **Guinn** and, if it is unable to serve him, to inform the Court of its reasonable efforts to obtain service.

With regards to Defendant **FNU Maine**, neither Plaintiff nor NCDPS has been able to identify her despite NCDPS investigation and Plaintiff's provision of information regarding her identity. (Doc. Nos. 94, 96, 98, 99). Rule 4(m) of the Federal Rules of Civil Procedure allows a court to dismiss *sua sponte* unserved defendants after 90 days following the filing of the complaint. Fed. R. Civ. P. 4(m); see also Fed. R. Civ. P. 6(b)(1)(B) (when an act must be done within a specified time, a court may, for good cause, extend that time on motion made after the time has expired if the party failed to act because of excusable neglect).

The Complaint in the instant case was docketed on September 5, 2018, and the Amended

2

Complaint was docketed on February 20, 2019. (Doc. Nos. 1, 74). More than 90 days have expired and Defendant Maine has not been served. Plaintiff is Ordered to file a Response within **fourteen (14) days** of this Order showing cause why Defendant **FNU Maine** should not be dismissed from this action. Plaintiff is cautioned that failure to comply with this Order will likely result in the dismissal of this case without prejudice and without further notice as to Defendant Maine.

The U.S. Marshal is instructed to redact the Defendants' home addresses from summons forms or file the summons forms under seal for security purposes so that Defendants' home addresses are not disclosed to the *pro se* incarcerated Plaintiff.

**IT IS THEREFORE ORDERED that:**

(1) The U.S. Marshal shall file a Response within **fourteen (14) days** of this Order informing the Court of the status of its efforts to serve Defendants **Ford, Gonzalez-Ojeda, Mundle, Murphy,** and **Polanco**.

(2) The U.S. Marshall shall make reasonable efforts to serve Defendant **Guinn** and, if it is unable to serve him, to inform the Court of its reasonable efforts to obtain service.

(3) Plaintiff shall, within **fourteen (14) days** of this Order, file a Response showing cause why Defendant **Maine** should not be dismissed from this action. Failure to comply with this Order will probably result in dismissal of Defendant Maine from this action without prejudice.

(4) The Clerk of Court is respectfully instructed to mail a copy of this Order, the relevant NCDPS sealed Notices, (Doc. Nos. 16, 43, 84, 94), and the Amended Complaint, (Doc. No. 74), to the U.S. Marshal.

Signed: October 7, 2019

Frank D. Whitney
Chief United States District Judge