UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:18-cv-00142-MR

| | |
|---|---|
| EARL JAMES WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| PAULA SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration of Dismissal of Defendant Brathwaite [Doc. 116]; Plaintiff's Response to Order to Show Cause regarding Defendant Maine [Doc. 118]; Plaintiff's Motion for Reconsideration of Denial of Preliminary Injunction [Doc. 121]; and Plaintiff's Response to Order to Show Cause regarding Defendant Guinn [Doc. 128].

## I. BACKGROUND

Plaintiff, proceeding *pro se*, has filed a civil rights suit pursuant to 42 U.S.C. § 1983 while incarcerated at the Albemarle Correctional Institution ("Albemarle C.I."). The Complaint addresses events that allegedly occurred

at the Catawba Valley Medical Center ("CVMC"), Alexander Correctional Institution ("Alexander C.I."), Central Prison, and Albemarle C.I. The Amended Complaint passed initial review on claims of deliberate indifference to a serious medical need against Defendants FNU Bowden, Stephanie Brathwaite, FNU Brewton, FNU Chung, Thomas Ford, April Foreman, FNU Goines, David E. Guinn[1], Marta M. Kalinski, FNU Maine, Grena Mundle, Sylvia Murphy, Rebecca Gonzalez-Ojeda, Leonard F. Polanco, and FNU Randle; and claims of supervisory liability against Defendants Jack Clelland, William Glick, and Lawrence Parsons. [Doc. 75].

On September 12, 2019, the Court[2] entered an Order granting Defendant Brathwaite's Motion for Summary Judgment due to Plaintiff's failure to exhaust administrative remedies. [Doc. 111]. Plaintiff filed the instant Motion to Reconsider that Order on October 9, 2019. [Doc. 116]. On October 8, 2019, the Court denied Plaintiff's Motion for a Preliminary Injunction, [Doc. 113], and directed Plaintiff to show cause within 14 days why Defendant FNU Maine should not be dismissed for failure of service,

---

[1] Defendant David E. Guinn was named in the Amended Complaint as "FNU Quinn." NCDPS subsequently identified "FNU Quinn" as Physician Extender David E. Guinn, and the Clerk of Court was instructed to update the Court file with the Defendant's correct name. [See Doc. 85].

[2] The Honorable Frank D. Whitney, United States District Judge, presiding. In April 2020, this matter was reassigned to the undersigned.

[Doc. 115]. Plaintiff filed a response to the Court's Order to show cause on October 17, 2019, and requested an extension of time to serve FNU Maine. [Doc. 118]. Plaintiff filed the instant Motion to Reconsider the denial of a preliminary injunction on October 25, 2019. [Doc. 121].

Finally, on December 19, 2019, the Court entered an Order directing Plaintiff to show cause within 14 days why Defendants Ford, Gonzalez-Ojeda, Mundle, Murphy, and Polanco should not be dismissed for failure of service. [Doc. 127]. The Court further directed the U.S. Marshal to respond within 14 days and advise the Court of the status of its efforts to serve Defendant Guinn. [Id.]. On January 2, 2020, Plaintiff filed a response to that Order, requesting an extension of time to serve these Defendants. [Doc. 128]. The Marshal did not respond to the Court's Order.

## II. DISCUSSION

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading

3

requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). With these principles in mind, the Court turns to Plaintiff's Motions.

### A. Motion to Reconsider Brathwaite Dismissal

Plaintiff moves under Rules 54(b) and Rule 56 for reconsideration of the Court's Order [Doc. 111] granting summary judgment as to Defendant Stephanie Brathwaite. [Doc. 116 at 1]. The Court notes that, while not specifically provided for in the Federal Rules of Civil Procedure, motions for reconsideration are "allowed in certain, limited circumstances." Wiseman v. First Citizens Bank & Trust Co., 215 F.R.D. 507, 509 (W.D.N.C. 2003).

"Compared to motions to reconsider *final* judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light." Carlson v. Bos. Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (emphasis in original). However, a district court's Rule 54(b) discretion "is not limitless" and the Fourth Circuit advises that "courts have cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." Id. Accordingly, "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial

4

produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" Id. (quoting Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003)).

Here, the Court granted Defendant Brathwaite's motion for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies with regards to her. [Doc. 111]. The Court noted that Plaintiff did not refute the argument that "Plaintiff never exhausted any grievance that addressed Defendant Brathwaite's alleged actions/inactions that are relevant to the Amended Complaint." [Id. at 11]. Accordingly, "Plaintiff failed to fairly place Defendant Brathwaite's actions and inactions before NCDPS for consideration," and summary judgment was appropriate. [Id.].

Applying Carlson's limited discretion to review a prior interlocutory Order, the Court finds no intervening change in facts or law and no "clear error" leading to manifest injustice to justify altering its grant of summary judgment as to Defendant Brathwaite. Plaintiff "stands on the facts, law, and argument that he declared to in his Motion for Reconsideration," [Doc. 122 at 3], but his argument relies on a grievance response stating "he complained that his narcotic medication was not being issued as a self medication." [Doc. 116-1 at 2]. Plaintiff claims his complaint was in fact that he "was not receiving [his] prescribed narcotic pain medication at all." [Id.]. Plaintiff is

5

essentially rearguing the allegations already addressed by the Court's Order granting summary judgment to Defendant Brathwaite, and Plaintiff presents no new evidence that his claims regarding Defendant Brathwaite were properly exhausted before NCDPS. Because Plaintiff is unable to provide any change in fact or law and the Court's previous Order does not contain clear error causing manifest injustice, Plaintiff's Motion for Reconsideration [Doc. 116] is denied.

### B. Show Cause Orders

The Court has entered two Orders directing Plaintiff to show cause why various Defendants should not be dismissed for failure of service. [Docs. 115, 127]. Additionally, in its December 19, 2019 Order, the Court directed the U.S. Marshal to file a response informing the Court of the status of its efforts to serve Defendant Guinn. [Doc. 127 at 2].

Rule 4(m) of the Federal Rules of Civil Procedure allows a court to dismiss *sua sponte* unserved defendants after 90 days following the filing of the complaint. Fed. R. Civ. P. 4(m); see also Fed. R. Civ. P. 6(b)(1)(B) (when an act must be done within a specified time, a court may, for good cause, extend that time on motion made after the time has expired if the party failed to act because of excusable neglect). "[I]f an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient

6

information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Fed. R. Civ. P. 4(m) if the defendant could have been located with reasonable effort." Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. 2000) (per curiam).

### 1. Defendant Maine

In his Response to the Court's Order to show cause regarding service on Defendant Maine [Doc. 115], Plaintiff moves for an extension of time for service, stating that he "has cooperated with the Court's Orders and U.S. Marshals Service to serve process on Defendant FNU Maine." [Doc. 118 at 3]. However, neither Plaintiff nor NCDPS has been able to identify Defendant Maine despite NCDPS investigation and Plaintiff's provision of information regarding her identity. [Docs. 94, 96, 98, 99]. Plaintiff's identifying information describes Defendant FNU Maine only as "a middle aged white, female nurse that worked first shift at Albemarle Correctional in December of 2015, with Defendant Ojeda." [Doc. 98 at 2].

Neither Plaintiff nor NCDPS is able to provide sufficient information to identify Defendant Maine, and the Marshal's failure to complete service on this Defendant with little or no identifying information does not constitute excusable neglect. The Court therefore denies Plaintiff's motion for an

7

extension of time and dismisses the case without prejudice as to Defendant Maine.

### 2. Defendants Gonzalez-Ojeda, Mundle, and Polanco

In his Response to the Court's Order to show cause regarding service on Defendants Ford, Gonzalez-Ojeda, Mundle, Murphy, and Polanco [Doc. 127], Plaintiff moves for an extension of time to complete service on all of these Defendants. [Doc. 128]. However, in his Response, he specifically addresses only two of these Defendants: Defendant Murphy and Defendant Ford. As the Plaintiff has failed to show cause why an extension of time should be granted to effect service on Defendants Gonzalez-Ojeda, Mundle, and Polanco, the Court denies Plaintiff's motion for an extension of time and dismisses the claims asserted against these Defendants without prejudice.

### 3. Defendant Ford

With respect to Defendant Ford, Plaintiff asserts that Ford is employed as a physical therapist at Alexander C.I. and should be served at his place of employment. [Doc. 128 at 3].

NCDPS indicated in June 2019 that Defendant Ford is a contract therapist and therefore NCDPS could not procure a waiver of service on his behalf. [Doc. 43]. NCDPS indicated Defendant's last known address as Alexander C.I. [Id.]. The U.S. Marshal attempted service on Defendant at

8

Case 5:18-cv-00142-MR   Document 129   Filed 07/24/20   Page 8 of 12

that facility but was unable to locate him. [See Doc. 123]. Neither Plaintiff nor NCDPS is able to provide sufficient information to identify Defendant Ford, and the Marshal's failure to complete service on him with little or no identifying information does not constitute excusable neglect. The Court therefore denies Plaintiff's motion for an extension of time and dismisses the Plaintiff's claims against Defendant Ford without prejudice.

### 4. Defendant Murphy

In June 2019, when NCDPS was asked to execute a waiver of service for Defendant Murphy, NCDPS advised that Murphy was on family leave and provided her last known address. It was at this last known address which the Marshal attempted service unsuccessfully. [Doc. 124]. In response to the Court's Show Cause Order, Plaintiff represents that Defendant Murphy "is currently employed at Albemarle Correctional Institution, she is a black female sergeant, who works on first shift, Rotation 'A'." [Doc. 128 at 3]. Plaintiff asserts that he sees Defendant Murphy at Albemarle C.I. every day that she works. [Id.]. Based on Plaintiff's representation that Defendant Murphy has now returned to work at NCDPS, the Court will direct the Clerk to commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendant Murphy, who is a current or former employee of NCDPS.

### 5. Defendant Guinn

On December 19, 2019, the Court directed the U.S. Marshal to file a response informing the Court of the status of its efforts to serve Defendant Guinn. [Doc. 127 at 2]. No response from the U.S. Marshal is evident from the record. The Court therefore will direct the U.S. Marshal again to file a status report regarding the service of Defendant Guinn.

### C. Preliminary Injunction Denial

In his Motion to Reconsider the Court's Order Denying Plaintiff's Motion for Preliminary Injunction, Plaintiff once again asks the Court to grant him injunctive relief based on "facts of inadequate and denial of medical care that is a continuing violation of his constitutional rights." [Doc. 121 at 3].

The Court reiterates that "[a] preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In its Order denying Plaintiff's motion for a preliminary injunction, the Court found that "Plaintiff has failed to demonstrate that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, or that an injunction is in the public interest." [Doc. 113 at 3].

The Court applies the limited Carlson discretion discussed above with regards to Plaintiff's other Motion to Reconsider and finds that Plaintiff

presents no novel facts or change in law supporting the Motion. Plaintiff states that he "does not understand how to present or support a better argument . . . than what Plaintiff put before the Court within the Motion for Preliminary Injunction." [Doc. 121 at 3]. The Court's denial of a preliminary injunction is the law of the case, and Plaintiff fails to demonstrate a change or facts or law or any clear error causing manifest injustice. See Carlson, 856 F.3d at 325. Accordingly, Plaintiff's motion to reconsider is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Reconsideration of Dismissal of Defendant Brathwaite [Doc. 116] is **DENIED**;

2. Plaintiff's Motion for extension of time to serve Defendant FNU Maine [Doc. 118] is **DENIED**;

3. Plaintiff's claims against Defendants Maine, Ford, Gonzalez-Ojeda, Mundle, and Polanco are **DISMISSED WITHOUT PREJUDICE**, and the Clerk of Court is respectfully instructed to terminate these Defendants from this action;

4. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendant Murphy, who is a current or former employee of NCDPS;

5. Plaintiff's Motion for Reconsideration of Denial of Preliminary Injunction [Doc. 121] is **DENIED;**

6. The Court's Show Cause Orders [Docs. 115, 127] are **DISCHARGED** with respect to Plaintiff; and

7. The U.S. Marshal shall file a Response within **fourteen (14) days** of this Order informing the Court of the status of its efforts to serve Defendant David E. Guinn.

The Clerk of Court is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

**IT IS SO ORDERED.**

Signed: July 23, 2020

Martin Reidinger
Chief United States District Judge