# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:18-cv-00142-MR

| | |
|---|---|
| EARL JAMES WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| PAULA SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the U.S. Marshals Service's ("USMS") return of an unexecuted summons for Defendant David E. Guinn [Doc. 132].

The Complaint passed initial review on several defendants, including Defendant Guinn.[1] After the North Carolina Department of Public Safety was unable to waive service for Defendant Guinn, Court ordered USMS to locate and serve him. [Docs. 84, 85]. The summons was returned unexecuted on July 1, 2019, with notations indicating that USMS attempted service on three occasions in May and June 2019 and attempted to contact Defendant Guinn by phone. [Doc. 100]. On October 8, 2019, the Court directed USMS to

---

[1] "Defendant Quinn" in the Complaint. [See Docs. 1, 47]. This case was assigned to Judge Frank D. Whitney at that time.

again make reasonable efforts to locate and serve Defendant Guinn and, if unable to serve him, to inform the Court of its reasonable efforts to obtain service. [Doc. 115]. On December 19, 2019, USMS was instructed to inform the Court within 14 of the status of its efforts to serve Defendant Guinn. [Doc. 127]. On July 24, 2020, the Court again instructed USMS to inform the Court of the status of its efforts to serve Guinn within 14 days. [Doc. 129]. On July 28, 2020, USMS re-submitted the same unexecuted summons that it had returned on July 1, 2019. [Doc. 132].

In actions brought *in forma pauperis* under § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d); <u>see</u> Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915….").

USMS made three attempts to serve Defendant Guinn over one year ago. The Court issued instructions to USMS to again attempt to locate and serve Defendant Guinn, but there is no indication on the record that this ever occurred. Although the Court recognizes that USMS's prior attempts were

unsuccessful, there is no indication that USMS conducted any investigation to determine why Defendant Guinn was unable to be located and served.

If USMS is unable to locate and obtain service on Defendant Guinn, USMS shall inform the Court of the reasonable attempts to do so. USMS shall not disclose Defendant's home address to the *pro se* incarcerated Plaintiff and shall file any document containing such address under seal.

**IT IS THEREFORE ORDERED that:**

(1) USMS shall use reasonable efforts to locate and obtain service on **Defendant David E. Guinn**. If USMS is unable to obtain service on Defendant Guinn, USMS shall inform the Court of the reasonable attempts to locate him and obtain service.

(2) The Clerk is respectfully instructed to mail a copy of the Amended Complaint [Doc. 74] the Sealed Notice containing Defendant Guinn's last known addresses [Doc. 84] and this Order to the USMS.

**IT IS SO ORDERED.**

Signed: August 19, 2020

Martin Reidinger
Chief United States District Judge