IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No. 5:18-cv-00142-MR

|  |  |  |
|---|---|---|
| EARL JAMES WATSON, | | |
| | Plaintiff, | **RESPONSE TO MOTION FOR RELIEF FROM JUDGMENT** |
| vs. | | |
| PAULA SMITH, ET AL., | | |
| | Defendants. | |

Defendant Frank E. Rinaldo, Jr. (hereinafter "Rinaldo"), submits this Response to Plaintiff's *Motion for Relief from Judgment* (Doc. 133). More than a year after this Court dismissed Plaintiff's claim against Rinaldo[1], and despite this Court's denial[2] of Plaintiff's *Motion to Reargue Dismissal of Defendants McFarland and Rinaldo* (Doc. 81), Plaintiff now seeks to make the same argument for the third time.

## ARGUMENT

### I.    Plaintiff's motion for relief is late.

Reading between the lines of Plaintiff's motion, Plaintiff gives two arguments for granting relief from this Court's Order:

1. Plaintiff mistakenly amended his Complaint rather than supplementing it. Plaintiff appears to view this as grounds for relief under Rule 60(b)(1).

2. The Court wrongly dismissed Plaintiff's claim against Rinaldo despite finding that Plaintiff's allegations meet the frivolity standard

---

[1] *Order* (Doc. 73).

[2] *Order* (Doc. 113).

for assault and excessive force. Plaintiff appears to view this as grounds for relief under Rule 60(b)(6).[3]

Under either provision, Plaintiff's motion is untimely.

The grounds for relief that rest on Rule 60(b)(1) are plainly untimely, because a Rule 60(b)(1) motion must be filed within a year of the judgment. Fed. R. Civ. P. 60(c)(1). This Court dismissed Plaintiff's claim on April 1, 2019. *Order* (Doc. 73). Plaintiff moved for relief on August 10, 2020—more than a year later.

Even the portions of Plaintiff's motion that rest on Rule 60(b)(6) are untimely, because *any* Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). In the context of a Rule 60 motion premised on a purported legal error in the ruling, a "reasonable time" means "the period for filing an appeal." *Lepore v. Ramsey*, 149 F.R.D. 90, 92 (D. Md. 1993). *Accord, e.g.*, *Townsend v. Social Sec. Admin.*, 486 F.3d 127, 133 (6th Cir. 2007); *Benson v. St. Joseph Regional Health Center*, 575 F.3d 542, 547 (5th Cir. 2009). *Cf. Aikens v. Ingram*, 652 F.3d 496, 502 (4th Cir. 2011) (explaining that Rule 60(b)(6) is not "a substitute for appeal"). That time has long elapsed.

But even if this Court disagrees with the *Lepore* court and the other circuits to address this question, Plaintiff's motion is still untimely. The Fourth Circuit has repeatedly held that "a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid

---

[3] It is important to note that this basis for relief in truth falls under Rule 60(b)(1) and is subject to the one-year cap. *Lepore v. Ramsey*, 149 F.R.D. 90, 92 (D. Md. 1993). But because Plaintiff cites to Rule 60(b)(6), and undersigned counsel cannot identify any other argument that could fall under paragraph (b)(6), we show that the motion is untimely even under that provision.

reason is given for the delay." *E.g.*, *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) (citing cases). Plaintiff's motion comes more than sixteen months after this Court's order, and there is no reason for the delay.

Plaintiff points to the "COVID-19 pandemic … [as] exceptional circumstances to excuse any possible time limitations," but this is senseless. COVID-19 did not spread to the United States until January of 2020—nine months after this Court dismissed Plaintiff's claim against Rinaldo—and did not become epidemic in the United States until March.[4]

## II.   Plaintiff's motion changes nothing about this Court's analysis of Rinaldo's Motion to Dismiss and Plaintiff's Motion to Reargue.

Plaintiff's Complaint attempted to state a § 1983 claim against Rinaldo. Section 1983 claims apply only to actions done "under color of state law"—thus, to state a claim, Plaintiff had to show that (a) Rinaldo violated Plaintiff's rights and (b) he did so by acting under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

Plaintiff points out—as he did in his *Motion to Reargue Dismissal of Defendants McFarland and Rinaldo* (Doc. 81)—that he alleged that Rinaldo assaulted him, and that this Court concluded that this allegation was not frivolous. He fails to address—as he failed in his *Motion to Reargue*—this Court's holding that the alleged assault was not done under color of state law. *Order* 5–7 (Doc. 73). He thus fails to identify any error in this Court's order

---

[4] *A Timeline of COVID-19 Developments in 2020*, AJMC, https://www.ajmc.com/view /a-timeline-of-covid19-developments-in-2020

dismissing Plaintiff's claim against Rinaldo. There is no reason to grant the relief he seeks.

**CONCLUSION**

Plaintiff's *Motion for Relief from Judgment* should be denied.

This the 24th day of August, 2020.

ROBERTS & STEVENS, PA

s/Phillip T. Jackson
Phillip T. Jackson (#21134)
PO Box 7647
Asheville, NC 28802
pjackson@roberts-stevens.com
(828) 252-6600
*Attorney for Defendant*
*Frank E. Rinaldo, Jr.*

– 5 –

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have served the foregoing document on all parties who have an account with CM/ECF by notice of an electronic filing through the CM/ECF system. I further certify that I served a true and correct copy of the foregoing document on Plaintiff by depositing a copy, postage paid, in a USPS depository, properly addressed as set forth below.

Earl James Watson
#0427261
PO Box 460
Badin, NC 28009

This the 24th day of August, 2020.

ROBERTS & STEVENS, PA

s/Phillip T. Jackson
Phillip T. Jackson