IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:18-cv-00142-MR

| | |
|---|---|
| EARL JAMES WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| PAULA SMITH, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on *pro se* Plaintiff's "Motion Under Rule 60 Fed. R. Civ. P." [Doc. 133].

**I.    BACKGROUND**

The incarcerated *pro se* Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 that included allegations that, while he was imprisoned at Albemarle Correctional Institution on September 23, 2015, he was taken to an outside medical facility for surgery where he was beaten and sexually assaulted. The Defendants included: Frank E. Rinaldo, Jr., an anesthesiologist at Catawba Valley Medical Center; Steven McFarland, a specialist nurse practitioner with Carolina Orthopedic Specialists; and FNU Frick and FNU Morton, correctional officers at Albemarle Correctional Institution. The Complaint [Doc. 1] passed initial review on several claims

including claims against Defendants Rinaldo and McFarland for the use of excessive force and North Carolina assault.[1]  [Doc. 8].  The Complaint did not pass initial review against Defendants Frick and Morton, who transported Plaintiff to the outside medical facility for the surgery and who allegedly failed to protect him from Defendants Rinaldo and McFarland's attack.  Defendant Rinaldo filed a Motion to Dismiss arguing that the claims against him should be dismissed because, as a private medical provider, he was a state actor only for purposes of medical care and his alleged use of excessive force and assault were outside his delegated duties.[2]  [Doc. 23].  Judge Whitney granted Defendant Rinaldo's Motion to Dismiss because "Plaintiff failed to demonstrate that Defendant Rinaldo was acting under the color of state law when he allegedly beat Plaintiff."  [Doc. 73 at 7].

Plaintiff filed an Amended Complaint in which he again attempted to reassert his claims against Defendants Rinaldo, McFarland, Frick, and Morton.  [Doc. 74].  He also attempted to recast his excessive force claims as ones of deliberate indifference to a serious medical need.  [Id.].  The failure to protect claims against Defendants Frick and Morton were again

---

[1] The case was assigned to Judge Frank D. Whitney at the time.

[2] Defendant Rinaldo argued that his arguments apply equally to Defendant McFarland, who was never served.  However, the Court did not dismiss the case as to Defendant McFarland at that time.

2

dismissed; the claims against Defendants Rinaldo and McFarland were dismissed for the same reasons that Defendant Rinaldo's Motion to Dismiss had been granted; Plaintiff's attempt to recast the excessive force claims as claims of deliberate indifference to a serious medical need was rejected; and the Court declined to exercise supplemental jurisdiction over Plaintiff's North Carolina claims against any of these Defendants. [Doc. 75].

Plaintiff filed a Motion to Reargue Dismissal [Doc. 81], in which he argued that the claims against Defendants McFarlane, Rinaldo, Frick, and Morton should not have been dismissed on initial review of the Amended Complaint. The Motion was denied because Plaintiff stated no basis for relief. [Doc. 113]

Plaintiff has now filed a Motion pursuant to Rule 60(b)(1) and (6) in which he argues that relief should be granted from the Order on initial review of the Amended Complaint. He appears to allege that his claims against Rinaldo and McFarland would have been allowed to proceed had he supplemented the Complaint rather than filing an Amended Complaint and that his error in that regard was excusable neglect. He further argues that his Rule 60(b) Motion should be considered timely because COVID-19 is an exceptional circumstance and because he does not have access to a law library or legal assistance.

3

Defendant Rinaldo has filed a Response to Plaintiff's motion [Doc. 137], and Plaintiff has filed a Reply. [Doc. 139].

## II. DISCUSSION

Rule 60 permits a court to correct orders and provide relief from judgment under the following circumstances:

>    (1) mistake, inadvertence, surprise, or excusable neglect;
>
>    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>    (4) the judgment is void;
>
>    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co.,

993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted).

A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden of showing timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th Cir. 2017).

As a preliminary matter, Plaintiff's Motion is untimely. With regard to Rule 60(b)(1), Plaintiff failed to file his Motion within a year of the Order on initial review of the Amended Complaint, which was issued on April 2, 2019. [Doc. 75]. Further, Plaintiff has not explained why his filing was within a "reasonable time" pursuant to Rule 60(b)(6). Plaintiff waited more than 16 months, until August 4, 2020, before seeking Rule 60(b) relief. Although COVID-19 is an unusual circumstance, the existence of the pandemic alone fails to justify a four-month delay beyond the one-year deadline. This is particularly true considering that the pandemic did not arrive until near the end of that one year period.

Even if the Rule 60(b) Motion were timely filed, it does not warrant relief. Plaintiff seeks relief under Rule 60(b)(1) arguing that he committed excusable neglect by filing of Amended Complaint rather than supplementing

5

his original Complaint that passed initial review. He appears to believe that, had he simply supplemented the Complaint, his claims against Defendants Rinaldo and McFarland, which passed the original frivolity review, would have been permitted to proceed. Plaintiff's argument is mistaken. When a prisoner is proceeding *in forma pauperis,* the Court may dismiss claims "at any time" if the Court determines that the action "is frivolous or malicious [or] fails to state a claim upon which relief can be granted…." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Moreover, piecemeal pleading is not permitted so Plaintiff's attempt to supplement, rather than amend, the Complaint would have been denied. See generally Young v. City of Mt. Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citations omitted). Plaintiff does not describe any basis for Rule 60(b)(6) relief and none is apparent from the record. Therefore, Plaintiff's Motion seeking relief pursuant to Rule 60(b)(1) and (6) will be denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion Under Rule 60 Fed. R. Civ. P. [Doc. 133] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 21, 2020

Martin Reidinger
Chief United States District Judge

6

Case 5:18-cv-00142-MR   Document 151   Filed 09/21/20   Page 6 of 6