IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:18-cv-00142-MR

| | |
|---|---|
| **EARL JAMES WATSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **PAULA SMITH, et al.,** ) | |
| ) | |
| Defendants. ) | |

**IN ACCORDANCE WITH** the Local Rules of the Western District of North Carolina and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the undersigned enters the following Pretrial Order and Case Management Plan in this matter.

### DEADLINES AT A GLANCE

| | |
|---|---|
| **Motions to Amend & Join Parties:** | January 12, 2021 |
| **Discovery Completion/** | |
| **NCPLS Response:** | March 23, 2021 |
| **Dispositive Motions:** | April 22, 2021 |

# I. DISCOVERY

A. **LIMITED APPOINTMENT OF NCPLS**. Pursuant to the Court's Standing Order 3:19-mc-60, North Carolina Prisoner Legal Services, Inc., ("NCPLS") is appointed for the purpose of conducting discovery in this *pro se* prisoner case. Should NCPLS be unable to accept appointment, it shall file a Notice of Non-Representation within **ten (10)** days of this Order. If no Notice of Non-Representations is filed, NCPLS shall serve discovery requests on counsel for Defendant(s) within **sixty (60)** days of this Order.

B. **DISCOVERY GUIDELINES**: Discovery in this case is limited as follows: Each party may propound no more than **twenty (20) single part** interrogatories; may propound no more than **twenty-five (25)** requests for admission; and take no more than **six (6)** depositions of fact witnesses.

C. **RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION**: Every response to an interrogatory or request for admission, and every objection thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

**D.     THE MAINTENANCE OF DISCOVERY MATERIALS**: Discovery materials are <u>NOT</u> to be filed prior to the filing of dispositive motions. All parties are advised to consult the Local Rule which provides that while depositions, interrogatories, and requests for admission, and responses thereto, must still be <u>served</u> on all parties, <u>they are no longer to be filed</u> unless upon order of the Court. The parties are responsible for the preservation of any and all discovery materials they may generate.

**E.     USE OF DEPOSITIONS AT TRIAL**: If depositions are taken during the discovery period which the parties intend to use at trial, the parties are directed to exchange page/line designations and to resolve any objections thereto prior to the final pretrial conference. In the event that video depositions are taken, the parties are directed to edit the video accordingly so that the video may be shown without interruption. Any objections to designations of deposition testimony (whether such testimony is presented in written form or through a video recording), which cannot be resolved by the parties themselves, must be raised in time to be addressed at the final pretrial conference. Failure to do so will result in objections being deemed to be waived.

**F. PROTECTIVE ORDERS**: Any objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested. When parties submit proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final order of the Court on the completion of litigation.

**G. DISCOVERY COMPLETION**: All discovery, with the exception of *de bene esse* depositions which are discussed below in section H, shall be completed no later than **March 23, 2021**. Supplementations per Rule 26(e) shall be due within **thirty (30) days** after obtaining applicable information. The parties are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires not later than fourteen (14) days prior to scheduled trial time. If a party requests an extension of time to respond to

discovery requests or to extend the discovery deadline, the result of consultation with the opposing party must be stated in the motion.

H.  **Depositions Taken to Preserve Testimony**: Depositions taken for the sole purpose of preserving testimony for trial are not considered discovery for the purposes of this section provided that 1) the witness will be unavailable for trial for one of the reasons set forth in Rule 32(a)(3) and 2) the reason for such unavailability is that the witness resides outside the subpoena power of this Court and the party seeking to take such deposition has failed, after making a good faith effort, to obtain a commitment from the witness to testify at trial voluntarily, and 3) such deposition can be concluded in time so that the portions of the deposition to be used at trial can be designated and objections thereto resolved at the final pretrial conference, but in any event no later than fourteen (14) days prior to the Trial Date.  Such depositions should be presented at trial by video recording whenever possible.

I.  **NCPLS RESPONSE:** Upon conclusion of the discovery period, NCPLS will file with the Court a Response to Discovery Order indicating that: (a) NCPLS will provide representation; (b) the appointment of counsel is not necessary; (c) the Plaintiff has declined any further assistance by NCPLS; or (d) the reviewing NCPLS attorney

feels that Plaintiff's case is meritorious but NCPLS lacks adequate resources to provide representation. If NCPLS declines representation or the Plaintiff rejects NCPLS's further representation following the period of discovery, NCPLS will provide the Plaintiff with a packet of discovery materials to assist the Plaintiff in either filing or responding to any dispositive motion. The packet will not include any documents or material subject to a protective order, and NCPLS will return any such documents or material to defense counsel at the conclusion of discovery.

## II. **MOTIONS**

**A.** **MOTIONS DEADLINES.** Any motion for leave to join additional parties or otherwise to amend the pleadings shall be filed by **January 12, 2021**. A motion to amend the pleadings made after this deadline is, in effect, a motion to amend this scheduling order, and any party seeking to do so will have the burden of satisfying not only Rule 15's "justice so requires" standard but also Rule 16(b)'s "good cause" standard. All dispositive and other pretrial motions except motions *in limine* and motions to continue shall be filed no later than **April 22, 2021**. The parties may not extend this deadline by agreement and stipulated

extensions of the completion of discovery do not extend the motions deadline.

B. **MOTIONS HEARINGS**: Hearings on motions ordinarily will be conducted only when the Rules require a hearing, when the papers filed in support of and in opposition to the motion do not provide an adequate basis for decision, or at the request of a party and when the Court determines it would aid the decisional process. The Clerk will notify all parties of the date and time set for the hearing.

C. **MEMORANDA IN SUPPORT OF MOTIONS**: Every motion shall include, or be accompanied by, a brief written statement of the facts, a statement of the law, including citations of authority and the grounds on which the motion is based. Motions not in compliance with this Order are subject to summary denial. No memorandum, however, need accompany those motions exempted from this provision under Local Rule 7.2 and simple consent motions, motions to continue, and motions to withdraw as counsel provided that such motions contain an adequate statement of the basis for the relief sought.

No brief may exceed 25 pages without Court approval. Further, briefs should be double-spaced and in at least 14-point type. The Court, however, recognizes that some prisoners may have limited

access to resources for typing or printing briefs. Therefore, any response brief not conforming to the spacing and font size standards set forth above must be as close as possible to these standards so as to facilitate the readability of such briefs by the Court.

D. **RESPONSES AND REPLIES**: Unless either party is allowed additional time by separate Court Order, responses to motions, if any, must be filed within fourteen (14) days of the date on which the motion is filed. Responses shall not exceed twenty-five (25) pages in length. Further, responses should be double-spaced and in at least 14-point type. The Court, however, recognizes that some prisoners may have limited access to resources for typing or printing briefs. Therefore, any response brief not conforming to the spacing and font size standards set forth above must be as close as possible to these standards so as to facilitate the readability of such briefs by the Court.

Replies to responses, if any, must be filed within seven (7) days of the date on which the response is filed. The Court generally deems a motion ripe for determination upon the timely filing of the response but may, in its discretion, rule on a motion before the response time expires, if warranted by the circumstances. Where a motion is not responded to within the time provided, the Court may grant the relief

requested, if good cause is shown in such motion.  The filing of a reply brief is allowed only if the response raises new matters.  The reply shall be limited to a discussion of such newly raised matters.  Such reply shall not exceed ten (10) pages in length.  Further, reply briefs should be double-spaced and in at least 14-point type.  The Court, however, recognizes that some prisoners may have limited access to resources for typing or printing briefs.  Therefore, any reply brief not conforming to the spacing and font size standards set forth above must be as close as possible to these standards so as to facilitate the readability of such briefs by the Court.

E. **ENLARGEMENT OF TIME**: If parties need more than fourteen (14) days to file a response or seven (7) days to file a reply, a motion for extension of time shall be filed <u>prior to the expiration of the response or reply deadline</u>.  The moving party must show consultation with the opposing party regarding the requested extension and must notify the Court of the views of the opposing party on the request.  If a party fails to make the requisite showing, the Court may summarily deny the request for extension.  Such motions for extension will be granted only upon a showing of cause and should be the exception rather than the rule.

9

Case 5:18-cv-00142-MR   Document 165   Filed 11/30/20   Page 9 of 10

**F. MOTIONS TO COMPEL**: A motion to compel must include a statement by the movant that the parties have conferred in good faith in an attempt to resolve the dispute and are unable to do so. Motions to compel must be filed within the discovery period or they may be deemed waived. After reviewing the merits of a motion and the response thereto, the Court may order the parties to confer again in a good faith attempt to resolve the dispute or to narrow the issues. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention. Failure to do so may result in appropriate sanctions.

### III. SANCTIONS FOR FAILURE TO COMPLY WITH THE PRETRIAL ORDER

Failure to comply with any of the provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**  Signed: November 30, 2020

Martin Reidinger
Chief United States District Judge

10

Case 5:18-cv-00142-MR   Document 165   Filed 11/30/20   Page 10 of 10