# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:18-cv-00142-MR

| | |
|---|---|
| **EARL JAMES WATSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **PAULA SMITH, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on several pending Motions. [Docs. 148, 157, 167, 168, 169, 176].

## I. BACKGROUND

The incarcerated Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 while incarcerated at the Albemarle Correctional Institution ("Albemarle C.I."). The Complaint addresses incidents that allegedly occurred at the Catawba Valley Medical Center ("CVMC"), Alexander Correctional Institution ("Alexander C.I."), Central Prison, and Albemarle C.I.[1]

---

[1] This case was assigned to Judge Frank D. Whitney until April 24, 2020, when this matter was reassigned to the undersigned.

Defendant Frank Rinaldo, an anesthesiologist employed at CVMC, filed a Motion to Dismiss [Doc. 23] arguing that the claims against him should be dismissed because he was not acting under the color of state law and that Plaintiff failed to state a claim under § 1983. The Court granted the Motion to Dismiss. [Doc. 73].

The Plaintiff filed an Amended Complaint [Doc. 74], which passed initial review on claims of deliberate indifference to a serious medical need (against Defendants Bowden, Brathwaite, Brewton, Chung, Ford, Foreman, Goines, Guinn, Kalinski, Maine, Mundle, Murphy, Gonzalez-Ojeda, Polanco, and Randle), claims of supervisory liability (against Defendants Clelland, Glick, and Parsons), and the related state law claims.[2] [Doc. 75].

The Court dismissed the claims against the CVMC Defendants (McFarland, Rinaldo, Geissele, McNally, Beard, and Nurses Jane Doe 1 and 2) because the Plaintiff failed to demonstrate that these private medical Defendants were acting under the color of state law when they allegedly assaulted him, and for failure to state a § 1983 claim upon which relief can be granted. [Doc. 75 at 14-15]. The Court dismissed the claims against Defendants Frick and Morton for failure to state a claim upon which relief can

---

[2] The Plaintiff asserts claims under North Carolina law for *respondeat superior* and negligence.

be granted. [Doc. 75 at 18-19]. The Plaintiff's conspiracy claim against Defendants McNally, Beard, Geissele, Smith, Clelland, Diggs, Glick, and Parsons for allegedly agreeing to destroy and falsify the Plaintiff's medical records was likewise dismissed for failure to state a claim upon which relief can be granted. [Doc. 75 at 27-28].

Defendant Brathwaite filed a Motion to Dismiss and a Motion for Summary Judgment Limited to Failure to Exhaust Administrative Remedies [Doc. 68]. On September 12, 2019, the Court entered an Order granting Defendant Brathwaite's Motion for Summary Judgment for lack of exhaustion. [Doc. 111]. The Plaintiff filed a Motion seeking reconsideration of that Order on October 9, 2019. [Doc. 116]. The Court denied the Motion on July 24, 2020 because the Plaintiff failed to show a change of fact or law, or clear error causing manifest injustice. [Doc. 129].

The Plaintiff filed a Motion seeking leave to reargue the dismissal of Defendants McFarland, Rinaldo, Frick, and Morton on initial review of the Amended Complaint. [Doc. 81]. The Court denied the Motion because the Plaintiff failed to explain how the Court's Order on initial review of the Amended Complaint was erroneous. [Doc. 113]. The Plaintiff then filed a Motion for Relief from Judgment, arguing that the Court erred on its review of the Amended Complaint and that the claims against Defendants

3

McFarland and Rinaldo should have been permitted to proceed. [Doc. 133]. The Court denied the Motion on September 21, 2020. [Doc. 151].

The Plaintiff now moves [Doc. 148] for reconsideration of the September 12, 2019 Order granting Defendant Brathwaite's Motion for Summary Judgment [Doc. 111], the July 24, 2020 Order denying his Motion for Reconsideration [Doc. 129], and the September 21, 2020 Order denying his Motion for Relief from Judgment. [Doc. 157].

The Plaintiff has also filed a Motion for Joinder of Claims and Joinder of Parties [Doc. 169], in which he appears to argue that the Court erred in dismissing various claims and Defendants on initial review of the Amended Complaint because the claims and Defendants were properly joined under the Federal Rules of Civil Procedure.

The Plaintiff and Defendants Kalinski, Chung, Guinn ask the Court to stay the Scheduling Order deadlines until after it resolves the various pending Motions, including a Motion for Summary Judgment filed by Defendants Kalinski, Chung, and Guinn.[3] [Docs. 167, 168].

Finally, the law firm of Young, Moore & Henderson PA ("Young Moore") has filed a Motion to Withdraw because defense attorney Elizabeth

---

[3] These Defendants' Motion for Summary Judgment [Doc. 153] and Defendant Guinn's Motion to Dismiss [Doc. 143] will be addressed in a separate order.

4

McCullough, who serves as counsel for Defendants Chung, Guinn and Kalinski, now works for a different law firm. [Doc. 176].

## II. DISCUSSION

*Pro se* pleadings are held to a less stringent standard that those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions."). With these principles in mind, the Court turns to the pending Motions.

### A. Motions for Reconsideration

"[A] district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003); see also Fed. R. Civ. P. 54(b).

### 1. Brathwaite Dismissal

On September 11, 2020, the Plaintiff filed a Motion for Relief from Order of Dismissal of Brathwaite as a Defendant pursuant to Rule 60(a), (b)(1), (3), (6) and (d)(3) of the Federal Rules of Civil Procedure. [Doc. 148].

The Plaintiff asks the Court to reconsider its Orders granting Defendant Brathwaite's Motion for Summary Judgment [Doc. 111] and its Order denying Plaintiff's Motion for Reconsideration [Doc. 129]. The Plaintiff argues that the Court erroneously concluded that he did not exhaust his administrative remedies and improperly relied on response by Grievance Examiner Newborn with regards to Grievance No. 4580-2015-BADNC-01092 that misrepresented the content of the grievance. Plaintiff argues that Grievance No. -01092 exhausted his administrative remedies as to Defendant Brathwaite, placed NCDPS on notice of his allegations against her, and an investigation would have shown that Brathwaite failed to review the Plaintiff's medical files for orders for pain medication. The Plaintiff argues that misrepresentations about the content of the grievance that were cited in Defendant Brathwaite's pleadings resulted in fraud on the Court. The Plaintiff further contends that he exhausted his administrative remedies informally via communications between himself and his family members and prison officials, and through grievances that were not previously provided to

6

the Court.[4]  [Doc. 148 at 11-12, 24: Affidavit of Rose Watson; Doc. 162-1 at 7: Grievance No. 4580-2017-BADNB-02884; Doc. 162-1 at 1: Grievance No. 4580-2018-BADNB-00412; Doc. 148 at 26: Grievance No. 4580-2020-BADNC-00669].

The Plaintiff's motion for reconsideration must be denied.  The Court previously considered Grievance No. -01092 and found that it did not fairly present the Plaintiff's claims against Defendant Brathwaite to NCDPS for consideration.  [See Docs. 111, 129].  In this new motion, Plaintiff asserts that filings concerning his grievance pertaining to a separate matter show that the Defendants received notice of his medical situation. [Doc. 148 at 8, 10].  That, of course, does not address the question of whether the Plaintiff prosecuted a grievance with regard to the subject matter of *this* action.  In addition, Plaintiff disputes a statement by a prison employee (Reginal Mewborn, not Defendant Braithwaite) in one of the documents submitted in

---

[4] The Plaintiff appears to argue that the Court erred by failing to grant him an extension of time to review grievances, to obtain affidavits or declarations or to take discovery before ruling on Defendant Brathwaite's Motion for Summary Judgment.  [Doc. 148 at 14; see Doc. 87 at 3: Plaintiff's MSJ Response (arguing that the Motion for Summary Judgment should be denied and, alternatively, "move[d] the Court … to defer considering Defendant Brathwaite's Motion for Summary Judgment, order a stay or continuance, to take proper discovery…"); Doc. 87-1 at 4: Plaintiff's MSJ Declaration (arguing that "[r]easonable proper discovery (medical records, grievances, electronically stored information, etc.) would further provide evidence of genuine issues against Defendant Brathwaite's Motions")].

this case. [Id. at 10]. That the Plaintiff disagrees with Defendant Brathwaite's and the Court's characterizations of this grievance fails to demonstrate that any fraud occurred (whether in Mewborne's statement or otherwise) and he has not presented any such evidence to the Court.

The Plaintiff has also submitted new documents in support of his prior arguments. These, however, are likewise unavailing. The Plaintiff alleges that he and other family members, including his mother, informally exhausted the Plaintiff's administrative claims by communicating the Plaintiff's medical concerns to prison officials. [See Doc. 148 at 24: Affidavit of Rose Watson]. However, any evidence of informal communications between the Plaintiff, his family, and prison officials is irrelevant because PLRA requires "proper" exhaustion by "using all steps that the agency holds out…." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). NCDPS has established a three-step procedure governing submission and review of inmate grievances, which it refers to as the Administrative Remedies Procedure ("ARP"). See N.C. Gen. Stats. § 148-118.1 *et seq.*; Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). Informal communications by the Plaintiff and Plaintiff's family with prison officials did not properly exhaust this three-step APR, so no relief is warranted on the basis of the Plaintiff's new evidence of informal exhaustion.

The Plaintiff's reliance on Grievance No. 4580-2017-BADNB-02884 is unavailing because it was rejected for attempting to address more than one incident. [Doc. 162-1 at 6]. Although the Plaintiff disagrees with NCDPS's conclusion on that issue, he cannot avoid the fact that this grievance was rejected and he did not proceed to complete the three-step APR.

The Plaintiff's reliance on Grievance No. 4580-2018-BADNB-00412 is likewise unavailing. Although the Plaintiff completed the three-step APR with regards to Grievance No. -00412, he failed therein to fairly place his present claims against Defendant Brathwaite before NCDPS for consideration. Grievance No. -00412 is dated April 15, 2018 and addresses Defendant Brathwaite's examination of the Plaintiff on March 21, 2018; sick calls on March 25 and April 8, 2018; and medical emergencies that the Plaintiff declared on March 26 and 27, 2018. The remedy that Plaintiff requested in Grievance -00412 was to have his treatment be transferred to Dr. Faulcon. Although Grievance -00412 generally addresses the Plaintiff's dissatisfaction with Defendant Brathwaite, it did not reasonably place NCDPS on notice of the subject matter of this action: that the Plaintiff was complaining about her examination of his foot on December 16, 2015 and PREA examination in May or June 2017. Therefore, the Grievance No. -00412 has no bearing on the Court's exhaustion analysis and does not warrant reconsideration.

Finally, the Plaintiff's reliance on Grievance No. 4580-2020-BADNC-00669 is misplaced because exhaustion must be completed *before* a lawsuit is filed. 42 U.S.C. § 1997e(a). Grievance No. -00669 is dated July 8, 2020, nearly two years after the Plaintiff initiated this lawsuit. Therefore, it could not exhaust any claims under the plain terms of the PLRA.

The Plaintiff has again failed to demonstrate any meritorious grounds for reconsideration of the dismissal of his claims against Defendant Brathwaite and the instant Motion is therefore denied.

### 2. Rinaldo and McFarland Dismissal

The Plaintiff has filed a Motion for Reconsideration [Doc. 157] of the September 21, 2020 Order denying reconsideration of the dismissal of the claims against Defendants Rinaldo and McFarland [Doc. 151].[5] The Plaintiff argues that the Order is manifestly erroneous because the Court failed to "discuss, expound on, or rule on the Plaintiff's conspiracy claim concerning Rinaldo, McFarland, Frick and Morton" contained in the Amended Complaint. [Doc. 157 at 2]. The Plaintiff asks the Court to reconsider its Order [Doc. 151] to accomplish justice because Defendant Rinaldo was acting under the

---

[5] It does not appear as though the Plaintiff seeks reconsideration of the dismissal of his claims against Defendants Frick and Morton at this time. If the Plaintiff had raised such an argument it would be denied.

10

color of state law. The Plaintiff also asks the Court to appoint counsel to assist him in amending the Complaint.

The Plaintiff's Motion for Reconsideration must be denied. Although the Plaintiff contends that he raised a conspiracy claim in his Amended Complaint, he has failed to point to any portion of the Amended Complaint from which the Court could have gleaned such a claim.[6] Although *pro se* pleadings are liberally construed, district judges are not "mind readers" and are not expected to "conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Despite his repeated attempts to challenge the dismissal of the claims against Defendants Rinaldo and McFarland, the Plaintiff has failed to identify any error in the Court's Order on initial review of the Amended Complaint or any other Order addressing the dismissal of those claims.[7]

---

[6] Plaintiff's Amended Complaint [Doc. 74] is lengthy and rambling. Plaintiff does not identify any portion of that document wherein he asserts that the Court should find a civil conspiracy claim.

[7] The court is cognizant of the fact that it has been held that a district court abused its discretion by granting a second motion for reconsideration, having previously ruled on the merits and then denied an earlier motion for reconsideration, where the second reconsideration motion reiterates earlier arguments. Nelson v. City of Albuquerque, 921 F.3d 925, 930 (10th Cir. 2019). The Court has not denied Plaintiff's motion on this ground, but the Court notes that Plaintiff's repeated request for reconsideration largely return to the same bases as previously argued.

11

The Plaintiff's request for the appointment of counsel will be denied because the Plaintiff has failed to demonstrate the existence of extraordinary circumstances.[8] See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987); see also [Doc. 8] (denying Plaintiff's Motion for the Appointment of Counsel); [Doc. 20] (denying reconsideration of the Order denying Plaintiff's Motion for the Appointment of Counsel).

The Plaintiff is cautioned that future frivolous or duplicative filings may be summarily stricken from the record.

### 3. Joinder of Claims and Parties

The Plaintiff has filed a Motion asking the Court to "grant[] Joinder of Claims and Joinder of Parties in Plaintiff's Amended Complaint (Doc. 74)." [Doc. 169]. This Motion appears to requesting reconsideration of the Order on initial review of the Amended Complaint. [Doc. 75]. The Plaintiff appears to assert that he should have been allowed to pursue all of the claims pertaining to the physical and sexual assault and deliberate indifference to a serious medical need that he included in his Amended Complaint because his claims all arise out of the same transaction, occurrence, or series of

---

[8] North Carolina Prisoner Legal Services ("NCPLS") has been appointed for the limited purpose of assisting the Plaintiff with discovery. [Doc. 165].

transactions or occurrences with common questions of law or fact pursuant to Rules 18, 19 and 20 of the Federal Rules of Civil Procedure.

The Plaintiff ignores the fact that a *pro se* prisoner's claims must be plausible to pass initial review, regardless of whether the claims and Defendants are appropriately joined. See 28 U.S.C. § 1915; 28 U.S.C. § 1915A. The Rules addressing the joinder of claims and parties have no bearing on the dismissal of various claims on initial review based on failure to state a claim upon which relief can be granted. The Plaintiff has failed to identify any joinder error with regards to the Order on initial review of the Amended Complaint, and therefore, this Motion is denied.

### B. Motions to Stay Scheduling Order Deadlines

Defendants Kalinski, Chung, and Guinn request a stay of the Scheduling Order deadlines until the Court rules on their pending Motion for Summary Judgment Limited to Failure to Exhaust Administrative Remedies. [Doc. 167]. These Defendants note that, if the Motion for Summary Judgment is granted, this action will be terminated as to them, rendering the deadlines moot. However, if the Motion for Summary Judgment is denied, these Defendants seek 45 days after the relevant order's entry to respond to any discovery requests, and 60 days to respond to dispositive motions. The

13

Plaintiff additionally asks the Court to stay the deadlines to amend and to add and join parties. [Doc. 168].

The Motions to Stay will be granted and the deadlines set forth in the Pretrial Scheduling Order [Doc. 165] are stayed until the Defendant Guinn's Motion to Dismiss [Doc. 143] and Defendants Chung, Guinn, and Kalinski's Motion for Summary Judgment [Doc. 153] are resolved. After the Court resolves these motions, the parties will have until 30 days to amend and join parties;[9] 45 days to complete discovery; and 60 days to file dispositive motions.

C. **Motion to Withdraw**

The law firm of Young Moore has filed a Motion to Withdraw. [Doc. 176]. Defense counsel Elizabeth McCullough appeared for Defendants for Kalinski, Chung, Guinn while she was employed at Young Moore. She has now left that firm and is continuing to represent those Defendants at her new firm of Walker, Allen, Grice, Ammons, Foy, Klick & McCullough LLP. Young Moore seeks to withdraw because no Young Moore lawyer represents these Defendants and the withdrawal will not have a materially adverse effect on Defendants' interests, prejudice any party, or delay this action.

---

[9] The Court will address the Plaintiff's pending Motion for Leave to Amend [Doc. 170] in a separate order.

14

Ms. McCullough filed a Notice of Change of Address with the Court reflecting that she will continue to represent Defendants Chung, Guinn and Kalinski at her new law firm. Young Moore is no longer reflected on the case docket. The Motion to Withdraw will be treated as a Notice of Substitution of Counsel and the Clerk will be directed to terminate the Motion. <u>See</u> LCvR 83.1(f), (g).

## V. CONCLUSION

For the reasons stated herein, the Court will deny the Plaintiff's Motions for Reconsideration; grant the Plaintiff's and Defendants Chung, Kalinski and Guinn's Motions to stay and extend the Scheduling Order deadlines; and construe Young Moore's Motion to Withdraw as a Notice of Substitution of Counsel.

**IT IS, THEREFORE ORDERED** that:

1. Plaintiff's Motion to Reconsider regarding the Brathwaite dismissal [Doc. 148] is **DENIED.**

2. Plaintiff's Motion to Reconsider regarding the McFarland and Rinaldo dismissal [Doc. 157] is **DENIED.**

3. The Plaintiff's Motion for Joinder of Claims and Joinder of Parties [Doc. 169] is **DENIED**.

15

Case 5:18-cv-00142-MR   Document 179   Filed 02/10/21   Page 15 of 16

4. The Motions to Stay the Scheduling Order Deadlines by the Plaintiff [Doc. 168] and Defendants Chung, Guinn and Kalinski [Doc.167] are **GRANTED**. After the Court resolves Defendant Guinn's Motion to Dismiss [Doc. 143] and Defendants Chung, Guinn, and Kalinski's Motion for Summary Judgment [Doc. 153], the parties will have 30 days to amend and join parties; 45 days to complete discovery; and 60 days to file dispositive motions.

5. Young, Moore & Henderson P.A.'s Motion to Withdraw [Doc. 176] is construed as a Notice of Substitution of Counsel. The Clerk is instructed to terminate the Motion.

6. **IT IS FURTHER ORDERED** that the Plaintiff is cautioned that future frivolous or duplicative filings may be stricken from the record without notice to the Plaintiff.

**IT IS SO ORDERED.**

Signed: February 10, 2021

Martin Reidinger
Chief United States District Judge