IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:18-cv-00142-MR

| | |
|---|---|
| EARL JAMES WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| PAULA SMITH, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on North Carolina Prisoner Legal Services' ("NCPLS") Motion to Withdraw as Counsel [Doc. 185]; Plaintiff's *pro se* Motion to Complete and Correct Discovery [Doc. 186]; and Defendants'[1] Motion for an Extension of Time to File Dispositive Motions [Doc. 187].

The incarcerated Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 addressing incidents surrounding Plaintiff's back surgery

---

[1] The remaining Defendants in this case are the following Albemarle Correctional Institution employees: Jack Clelland, the administrator; William Glick, the assistant superintendent of programs; Lawrence Parsons, the assistant superintendent of custody/operations; Wendy Brewton and Bruce Randall, correctional lieutenants; George Bowden, a unit manager; Sylvia Murphy, a sergeant; and April Foreman and Lecia Goines, nurses.

at the Catawba Valley Medical Center ("CVMC") in September 2018 and subsequent incidents that occurred in prison.

On November 30, 2020, the Court appointed North Carolina Prisoner Legal Services ("NCPLS") to represent Plaintiff in this matter for purposes of discovery pursuant to Standing Order 3:19-mc-00060-FDW. [Doc. 165]. The discovery cutoff date was May 20, 2021, and the deadline to file dispositive motions was June 4, 2021. [See Docs. 179, 183]. On May 5, 2021, NCPLS filed a Response to Discovery [Doc. 184] and a Motion to Withdraw as Counsel [Doc. 185], stating that it had completed the representation. NCPLS served counsel for all Defendants with interrogatories, requests for production of documents, and requests for admissions on January 28, 2021; received responses to the discovery requests on May 5, 2021; reviewed the discovery responses and provided the Plaintiff with hard copies of the relevant documents; and provided the Plaintiff with guidance regarding the case. [Doc. 185].

The Plaintiff filed his Motion to Correct and Complete Discovery before the May 20 discovery cutoff date. [Doc. 186]. The Plaintiff argues that NCPLS conducted only one round of discovery, and that the interrogatories it submitted were vague, which led the Defendants to object, thereby prejudicing him. The Plaintiff complains that he received "no assistance" with

2

discovery and that it was unethical for counsel to withdraw from the representation before consulting with him. [Doc. 186 at 4-5]. He asks the Court to order NCPLS to "complete and correct" discovery, or allow the Plaintiff to do so *pro se*. [Id.].

NCPLS has discharged its duties pursuant to the Standing Order and counsel will be granted leave to withdraw for good cause shown. See LCvR 83.1(f). The Plaintiff's Motion to Correct and Complete is construed as a Motion for Extension of Time to Complete Discovery, and the deadline for discovery is hereby extended until July 6, 2021.

In their Motion for an Extension of Time [Doc. 187], the Defendants request a 60-day extension of the deadline to file dispositive motions due to counsel's other work demands and the unique constraints created by the COVID-19 pandemic.

The Defendants' request for a 60-day extension of time is denied but Defendants are granted a 45-day extension of the deadline to file dispositive motions for good cause shown. No further extensions will be granted except of a showing of extraordinary circumstances.

**IT IS, THEREFORE, ORDERED** that:

(1) NCPLS's Motion to Withdraw as Counsel [Doc. 185] is **GRANTED**;

(2) Plaintiff's *pro se* Motion to Complete and Correct Discovery [Doc. 186] is construed as a Motion for Extension of Time to Complete Discovery and is **GRANTED**;

(3) Defendants' Motion for an Extension of Time to File Dispositive Motions [Doc. 187] is **GRANTED** in part and **DENIED** in part, as set forth in this Order; and

(4) The parties shall have until **July 6, 2021** to complete discovery and until **July 19, 2021** to file dispositive motions. No further extensions of time will be granted except on a showing of extraordinary circumstances.

**IT IS SO ORDERED.**

Signed: June 15, 2021

Martin Reidinger
Chief United States District Judge