# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:18-cv-00142-MR

| | |
|---|---|
| EARL JAMES WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| PAULA SMITH, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on "Plaintiff's Reply to Defendants' Responses to Plaintiff's Second Set of Interrogatories and Requests for Admissions" [Doc. 194], which is construed as a Motion to Compel Discovery.

The incarcerated Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 addressing incidents surrounding Plaintiff's back surgery at the Catawba Valley Medical Center ("CVMC") in September 2015 and subsequent incidents that occurred in prison.

On November 30, 2020, the Court appointed North Carolina Prisoner Legal Services ("NCPLS") to represent Plaintiff in this matter for purposes of discovery pursuant to Standing Order 3:19-mc-00060-FDW. [Doc. 165]. The discovery cutoff date was May 20, 2021, and the deadline to file

dispositive motions was June 4, 2021. [See Docs. 179, 183]. On May 5, 2021, NCPLS filed a Response to Discovery [Doc. 184] and a Motion to Withdraw as Counsel [Doc. 185], stating that it had completed the representation.

The Plaintiff filed a Motion to Correct and Complete Discovery before the May 20 discovery cutoff date, arguing that NCPLS failed to provide him with adequate discovery assistance and had moved to withdraw from the representation before consulting with him. [Doc. 186]. He asked the Court to order NCPLS to "complete and correct" discovery, or allow the Plaintiff to do so *pro se*. [Id.]. The Court found that NCPLS had discharged its duties pursuant to the Standing Order and granted counsel leave to withdraw. [Doc. 188]. The Court construed Plaintiff's Motion to Correct and Complete as a Motion for Extension of Time to Complete Discovery, and extended the discovery deadline until July 6, 2021. [Id.]. The Court notified the parties that no further extensions would be granted except on a showing of extraordinary circumstances. [Id.].

The instant pleading, which is liberally construed as a Motion to Compel Discovery, was filed on July 20, 2021.[1] [Doc. 194]. The Plaintiff

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

contends that he timely filed a second set of discovery requests on June 30, 2021, but that Defendants objected that they were untimely because Defendants received them outside the extended discovery period. [Id.]. The Plaintiff further appears to argue that the discovery window should not be considered to have closed until August 9, 2021. [Doc. 194 at 4-5]. As relief, the Plaintiff asks that the Court order Defendants to respond to his June 30, 2021 discovery requests and provide any other relief that it deems just and proper. [Doc. 194 at 6].

The Plaintiff's contention that the discovery window did not expire until August 9, 2021 is mistaken. On June 15, 2021, the Court extended the discovery deadline until July 6, 2021 and no further extension has been sought or granted. [Doc. 188]. The Pretrial Order and Case Management Plan provides that "[a] motion to compel must include a statement by the movant that the parties have conferred in good faith in an attempt to resolve the dispute and are unable to do so. Motions to compel must be filed within the discovery period or they may be deemed waived." [Doc. 165 at 10]. The instant Motion was filed well outside the extended discovery period and it fails to indicate that the parties conferred in good faith to resolve the dispute. It is, therefore, denied.

3

Case 5:18-cv-00142-MR   Document 198   Filed 08/11/21   Page 3 of 4

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Reply to Defendants' Responses to Plaintiff's Second Set of Interrogatories and Requests for Admissions" [Doc. 194] is construed as a Motion to Compel Discovery and is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 11, 2021

Martin Reidinger
Chief United States District Judge