United States District Court

Western District of North Carolina

FILED
STATESVILLE, NC

SEP 10 2021

U.S. District Court
Western District of NC

Statesville Division

5:18-CV-00142-MR

EARL JAMES WATSON
Plaintiff

v.

JACK CLELLAND, et al,
Defendants

Plaintiff's Motion To Alter Or Amend The Court's Memorandum Of Decision And Order

Now Comes, EARL JAMES WATSON, Plaintiff, proceeding in forma pauperis, in the interest of justice, moves the Court under Fed. R. Civ. P. 52(b); Fed. R. Civ. P. 60(b), (1), (6), (d)(1); and Fed. R. App. P. 4(a), 4(A)(ii)(vi), for an order altering or amending the Courts Memorandum of Decision And Order (Doc. 199) The grounds for this motion are as follows:

1. This action arose from the fact that Plaintiff was left alone and unattended without direct supervision while in the care and custody, of officers employed at Albemarle Correctional Institution of the North

Carolina Department of Public Safety, in which Plaintiff was assaulted physically and sexually by doctors and nurses who at the time were employees of Emerge or Catawba Valley Medical Center which both were under contract to provide medical services to the North Carolina Department of Public Safety. The assaults occurred on September 23, 2015, at Catawba Valley Medical Center. Plaintiff has since been denied adequate medical care and treatment by Defendants.

2. On November 30, 2020, a Case Management Order was issued by the Court. (Doc 165)

3. On November 30, 2020, the Court appointed the North Carolina Prisoner Services (NCPLS) to only conduct discovery for Plaintiff. (Doc. 165)

4. Cory Tischbein entered Notice of Appearance December 1, 2020, (Doc 166) and on January 28, 2021, served counsel for all Defendants with interrogatories, requests for production of documents, and requests for admissions.

2

5. On May 5, 2021, NCPLS received responses to the discovery requests, and also on May 5, 2021, NCPLS without notifying Plaintiff, made a motion to withdraw as counsel (Doc. 185), stating it had completed the representation. On June 15, 2021, the Court allowed NCPLS motion to withdraw. (Doc. 188)

6. Plaintiff filed a Motion to Correct and Complete Discovery before the May 20, 2021 discovery cutoff date. (Doc. 186)

7. The Court construed Plaintiff's motion as a Motion for Extension of Time to Complete Discovery and Allowed Plaintiff to complete discovery with the deadline of July 6, 2021 (Doc. 188)

8. On July 7, 2021, Defendants received Plaintiff's pro se Second Interrogatories, Requests for Production of Documents and Requests for Admission.

9. On July 14, 2021, Defendants responded to Plaintiff's Second Interrogatories, Requests for Production of Documents and Requests for Admissions,

3

objecting to the requests as untimely.

10. On July 19, 2021, Defendants filed their Motion for Summary Judgment.

11. Under Fed. R. Civ. P. 56 (d), (1) and (3) which in pertinent part provides:

(d) When Facts Are Unavailable to the Nonmovant

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may:
(1) defer considering the motion or deny it;
(3) issue any other appropriate order. (emphasis added)

When Plaintiff read Fed. R. Civ. P 56 (d)(1) and (3) Plaintiff reasonably believed since Plaintiff could not get his medical records for the colonascopy, he could simply ask the Court to defer or deny the summary judgment motion. (Doc. 195 at 2) Plaintiff did not think the Court would count documents 195 and 197 as a reply to Defendants Summary Judgment Motion. (Ex. A)

12. Documents 195 and 197 are arguing discovery and neither pleading is supported by, "Depositions, documents, electronically stored information, stipulations, ...Admissions, interrogatory answers or other materials in the record." (See Fed. R. Civ. P. 56 (C)(1)(A); see also documents 201-204) (Ex. B)

13. I made a pro se mistake by naming document 195 a motion to dismiss, when I was actually arguing about discovery, concerning my medical records of a colonoscopy (Doc. 195 at 3, par. 9). Even the court has renamed my motions before (Doc. 188, at 3-4); (Doc. 198)

14. Under Fed. R. Civ. P 52 (b) which in pertinent part provides:

"Amended or Additional Findings
On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly..."

15. Under Fed. R. Civ. P. 60, relief from a judgment or order which in pertinent part provides:

"(b) Grounds for relief from a final judgment, order, or proceedings.

On motion and just terms, the court may relieve a party or its legal representative from a final judgement, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(6) any other reason that justifies relief.

(d) Other powers to grant relief.

This rule does not limit a courts power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding. (emphasis added)

(Note: Mistake – "An error, misconception, or misunderstanding; an erroneous belief." Inadvertence – "An accidental oversight; a result of carelessness." (See Black's Law Dictionary (2006)) (emphasis added)

16. As stated above on July 7, 2021, Defendants received Plaintiff's pro se Second Interrogatories, Requests for Production of Documents And Requests For Admissions. Then seven days later on July 14, 2021, Defendants responded to Plaintiff's pro se Second Interrogatories, Request for Production of Documents And Requests For Admissions. These Documents are not listed on the Civil Docket for this case, so the Court would not had knowledge of the filing of these documents. (See Civil Docket between 6/24/21, Doc. 189 And 7/19/21, Doc. 190).

17. On July 19, 2021, Defendants Filed their Summary Judgment Motion, which is listed on the Docket as Document 190, which was only five days After Defendants July 14, 2021, response to Plaintiff's discovery requests, that is not on the Docket.

18. This misled Plaintiff causing Plaintiff to make a pro se mistake by naming Document 195 a Motion to Dismiss, when Plaintiff was actually arguing About discovery concerning my medical records of a colonoscopy (Doc. 195 At 3, par. 9) even the Court has renamed my motions before. (Doc. 188, At 3-4; Doc. 198)

19. Documents 195 and 197 are arguing discovery and neither pleading is supported by, "depositions, documents, electronically stored information, stipulations, ... admissions, interrogatory answers or other materials in the record" (see Fed. R. Civ. P. 56 (c) (1) (A); see also Documents 201-204, the intended pleadings in reply to Defendants Summary Judgment Motion. Note: Plaintiff could not get the information from the Clerk of Court, to which documents had Docket Numbers 201-204)

20. Plaintiff set forth in Documents 201-204 specific facts showing that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)

21. Plaintiff set forth a genuine factual dispute in Documents 201-204, that the evidence, viewed in light most favorable to the Plaintiff, is such that a reasonable jury could return a verdict for the Plaintiff, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 255 (1986)

22. Without the Court considering Plaintiff's

Documents 201-204, Plaintiff will not be given a reasonable opportunity to present all the material that is pertinent in opposition to Defendant's Summary Judgment Motion. (Ex. B)

23. Plaintiff should not be penalized to the extent of losing the right to a fair day in court on the substantive merits of Plaintiff's claims just because of such a pro se error. The Court's Judgment is not on the merits of Plaintiff's case.

24. Because Plaintiff is a pro se prisoner, the Court should hold Plaintiff's pleadings to less stringent standards, than formal pleadings drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 21, 97 (2007)(per curiam); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594 (1972); DeLonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (Ex. A)

25. Under Fed. R. App. P. 4, Appeal as of right when taken
(a) 4 Effect of a Motion on a Notice of Appeal
(A) If a party timely files in the district court any of the following motions under the Federal Rules

of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(ii) to amend or make additional factual findings under Rule 52 (b), whether or not granting the motion would alter the judgment;

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered,

26. Plaintiff filed this motion and affidavits within the 28 days as required under Fed. R. App. P. 4(a), 4(a)(ii), (vi), that began to run August 16, 2021. (Doc. 199, Order).

27. This motion is made in good faith and not for the purpose of delay.

## Relief Requested

WHEREFORE, EARL JAMES WATSON, Plaintiff prays the Court to grant the following relief:

1. Plaintiff prays for mercy before the Court for his mistake.

2. Grant liberal interpretation in this pleading

3. That the Court grant Plaintiff's Rule 52(b) and Rule 60 motions

4. That the Court alter or amend its Decision and Order entered August 16, 2021, (Doc. 199) to consider Plaintiff's Documents 201-204 that are in Opposition to Defendant's Summary Judgment Motion, and deny Defendant's Summary Judgment Motion. (Doc. 190).

5. That all Plaintiff's claims be reinstated, placed on the active docket, with all proceedings being initiated for a trial.

6. THAT the COURT GRANT ANY FURTHER Relief deemed proper AND just.

UNDER 28 USC SEC. 1746, I, EARL JAMES WATSON, BEING Competent to testify, HAVING First-hAND KNowleoge of the facts stated herein, declare underpenalty of perjury that the foregoing is true AND correct to best of my KNowleoge, information, AND belief.

Respectfully submitted this ___6___ day of ___September___ , 2021.

SIGNATURE: Earl James Watson

ADDRESS: EARL JAMES WATSON

0427261

P.O. Box 460

BRADin, N.C. 28009

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion has been duly served upon the following by hand delivery, or electronically filing, or by placing a copy of the same in the United States Mail, postage prepaid, and properly addressed as follows:

U.S. District Court Clerk
200 W. Broad St. Rm. 304
Statesville, N.C. 28677

Adrina C. Bass
P.O. Box 629
Raleigh, N.C. 27602

This 6 day of September, 2021

Signature: Earl James Watson
EARL JAMES WATSON