IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:18-cv-00142-MR

| | |
|---|---|
| **EARL JAMES WATSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **PAULA SMITH, et al.,** ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's *pro se* "Motion in Opposition to Defendant's Motion for Summary Judgment" [Doc. 201], which is construed as a Response to the Defendants' Motion for Summary Judgment; Motion to Strike Defendant Brewton's Affidavit [Doc. 203]; and Motion to Alter or Amend the Court's Memorandum of Decision and Order [Doc. 205].

The incarcerated Plaintiff Earl James Watson, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 asserting claims related to his back surgery and subsequent incidents alleged to have occurred at the Albemarle Correctional Institution.[1] Claims of deliberate indifference to as serious

---
[1] The Plaintiff presently resides at the Pender CI.

medical need and supervisory liability passed initial review, and the Court exercised supplemental jurisdiction over North Carolina claims. [Docs. 74, 75]. The Defendants filed a Motion for Summary Judgment [Doc. 190], and the Court notified the Plaintiff of the opportunity to respond and present evidence pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). [Doc. 193]. The Plaintiff then filed a "Motion to Dismiss Defendants' Motion for Summary Judgment" [Doc. 195], which was docketed as a Response and Defendants filed a Reply [Doc. 196]. The Plaintiff filed a "Response to Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment" [Doc. 197], which was docketed as a Surreply and was stricken as an improper filing.[2] [Doc. 199]. On August 16, 2021, the Court granted the Defendants' Motion for Summary Judgment, dismissed this action with prejudice, and closed the case. [Id.].

On September 6, 2021, the Plaintiff filed the instant Motion to Alter or Amend, asking the Court to reconsider its August 16, 2021 Judgment pursuant to Rules 52(b), 60(b)(1), (6), and (d)(1) of the Federal Rules of Civil

---

[2] The Court noted that, if the Surreply were considered, it would not alter the Court's analysis of the Motion for Summary Judgment or the disposition of the case. [Doc. 199 at 3 n.3].

2

Procedure, and Rule 4(a) of the Federal Rules of Appellate Procedure. [Doc. 205].

As a preliminary matter, the Motion to Alter or Amend is denied to the extent that the Plaintiff relies on Rules 52(b) and 60(d). The Plaintiff cannot proceed under Rule 52, which is "a trial rule that is not applicable in a summary judgment proceeding." Orem v. Rephann, 523 F.3d 442, 451 n.2 (4th Cir. 2008) (Shedd, J. concurring). Further, Rule 60(d)(1) allows a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Rule 60(d)(1) does not apply here, as Plaintiff has not filed an independent action for relief.

To the extent that the Plaintiff seeks relief under Rule 60(b), the Motion to Alter or Amend will be analyzed under Rule 59(e) because the Motion was filed within 28 days of the Judgment. See Fed. R. Civ. P. 59(e) ("[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"); Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010) ("[A] motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28][3] days after entry of the adverse judgment and seeks to correct that judgment."

---

[3] Rule 59(e) was amended to increase the time for filing from 10 days to 28 days. See Cohen v. Rosenstein, 804 F. App'x 194 (4th Cir. 2020) (construing a post-judgment motion filed within 28 days of the judgment as a Rule 59(e) motion).

(citations omitted)); see also Orem, 523 F.3d at 451, n.2 ("a motion erroneously filed under Rule 52(b) may be treated as a Rule 59(e) motion to alter or amend."). The Plaintiff's request to stay the time to file an appeal pursuant to Appellate Rule 4(a) is moot. See Banister v. Davis, 140 S.Ct. 1698, 1703 (2020) (when a litigant submits a Rule 59(e) motion, there is no longer a final judgment to appeal from; only the disposition of that motion restores the finality of the original judgment, thus starting the 30-day appeal clock).

Rule 59(e) motions are granted only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). "[R]ule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id.

The Plaintiff argues that his Motion to Alter or Amend should be granted because Docket Entries 197 and 199, which were docketed as a Response and Surreply, were not intended as such. He asks the Court to consider the materials he has now filed in opposition to the Defendants'

Motion for Summary Judgment [Docs. 201, 202], as well as his Motion to Strike [Doc. 203], and to deny Defendants' Motion for Summary Judgment.

The Plaintiff's Motion to Alter and Amend and materials opposing summary judgment are moot insofar as they refer to individuals and claims that were not before the Court at the time the Motion for Summary Judgment was filed.[4] The Plaintiff's materials largely reiterate the allegations in the Plaintiff's verified Complaint [Doc. 1] and Amended Complaint [Doc. 74], which were already considered in the Court's summary judgment analysis and will not be addressed further. See Hill, 277 F.3d at 708.

The only matters warranting further discussion are the Plaintiff's assertions that Defendant Mundle changed Plaintiff's acuity level from 4A to 2A[5] on October 27, 2015 without the authority to do so [Doc. 201-2: Plaintiff's Affid. at 8]; that Defendant Goines failed to act when the Plaintiff requested pain medication on October 26, 2015 [id. at 8-9]; and that the Defendants' spoliation of evidence and failure to produce discovery preclude summary judgment [id. at 25].

---

[4] For instance, Defendants Chung, Kalinski, Brathwaite, Rinaldo, Frick, Morton, McFarland, and Geissell were previously dismissed from the case. [See Docs. 73, 75, 111, 183].

[5] Level 2A means "medical medications only" and Level 4A means "Acute/Inpatient/Skilled Nursing/Infirma[ry]" [Doc. 202: Plaintiff's Medical Ex at 7].

The first two points relate to the Plaintiff's attempt to demonstrate the existence of a genuine dispute of material fact regarding his claims of deliberate indifference to a serious medical need. [See Doc. 199 at 12]. A brief timeline of events will aid in this discussion. The Plaintiff had surgery at an outside provider on September 23, 2015; he was taken to the Alexander CI infirmary to recover on September 25, 2015; he was transferred to Central Prison on October 13, 2015; and he was transferred to Albemarle CI on October 26, 2015. [Doc. 1: Complaint at 17, 28, 30-31]. First, the Plaintiff's assertion that Defendant Mundle changed his acuity level is undermined by the Plaintiff's own forecast of evidence. An NCDPS Acuity Form indicates that Plaintiff was entered as Level 4A at Alexander CI on September 25, 2015; that his acuity was reduced to a Level 2A on October 16, 2015 while he was at Central Prison; and that Defendant Mundle re-entered Level 2A on October 27, 2015, the day after he arrived at Albemarle CI. [Doc. 202: Plaintiff's Medical Ex at 7]. The Acuity Form and other evidence would lead any rational trier of fact to conclude that Defendant Mundle did not change the Plaintiff's acuity level.

Second, the Plaintiff asserts that Defendant Goines was deliberately indifferent when the Plaintiff ran out of prescription pain medication on October 26, 2015, the day he arrived at Albemarle CI. He argues that Goines

6

failed to give him Tylenol or contact a supervisor even though an Alexander CI doctor had placed Tylenol in the Plaintiff's "self medication"[6] on September 29, 2015. [Doc. 201-2: Plaintiff's Affid. at 8-9; Doc. 202: Plaintiff's Medical Ex at 10]. The Plaintiff has not forecast any evidence that Defendant Goines knew that Tylenol was available,[7] or that Goines' failure to act was due to deliberate indifference rather than mere negligence or malpractice. See Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990) (mere negligence or malpractice does not violate the Eighth Amendment). The Plaintiff's materials opposing summary judgment fail to demonstrate the existence of a genuine dispute of material fact on his claims of deliberate indifference to a serious medical need. Accordingly, no Rule 59(e) relief is warranted on that basis.

The Plaintiff further argues that the Defendants' spoliation of evidence and failure to produce discovery should bar summary judgment. A district court has inherent power to impose a sanction, including an adverse inference, for spoliation of evidence. Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 449 (4th Cir. 2004). "The spoliation of evidence rule allows the

---

[6] According to the Plaintiff, "self medication" is "medication [Plaintiff] can keep on [his] person or in [his] locker, a medication that does not need direct observation to be taken." [Doc. 201-2: Plaintiff's Affid. at 8-9].

[7] Plaintiff did not become aware that Tylenol had been placed in his self-medication until October 31, 2015. [Doc. 74: Am. Complaint at 20].

7

drawing of an adverse inference against a party whose intentional conduct causes not just the destruction of evidence . . . but also against one who fails to preserve or produce evidence…." Id. A party seeking sanctions for spoliation must prove the following elements:

> (1) [T]he party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a "culpable state of mind;" and (3) the evidence that was destroyed or altered was "relevant" to the claims or defenses of the party that sought the discovery of the spoliated evidence, to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it.

Goodman v. Praxair Services, Inc., 632 F.Supp.2d 494, 509 (2009) (quoting Thompson v. U.S. Dep't of Housing & Urban Development, 219 F.R.D. 93, 100 (D. Md. 2003)).

The Plaintiff argues that clinical notes from Alexander CI on October 17, 2015 [Doc. 202: Medical Records at 6], and from Albemarle CI on October 27, 2015 [id. at 8], reveal that the Plaintiff's medical records were lost "within days" of the September 23, 2015 assaults. He seeks to argue an adverse inference to a jury. [Doc. 201-2: Plaintiff's Affid. at 24-25].

The Plaintiff's forecast of evidence reveals that there was some confusion in the NCDPS computer system about the Plaintiff's housing assignment while he was still at Alexander CI [Doc. 202: Medical Records at

8

Case 5:18-cv-00142-MR   Document 207   Filed 02/07/22   Page 8 of 11

6]; that his medical records had been lost by the time he arrived at Albemarle CI [id. at 8]; and that an Albemarle CI nurse immediately contacted Central Prison and Alexander CI in an attempt to locate the Plaintiff's records [id. (October 27, 2015 administrative note stating that Plaintiff arrived from Central Prison with "[n]o medical jackets sent to this facility")]. The Plaintiff has failed to demonstrate that any Defendant knew that the lost evidence was relevant to some issue at trial, and that his or her willful conduct resulted in its loss or destruction. See Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 156 (4th Cir. 1995) (an adverse inference "cannot be drawn merely from [the party's] negligent loss or destruction of evidence; the inference requires a showing that the party knew the evidence was relevant to some issue at trial and that his *willful conduct* resulted in its loss or destruction." (emphasis added)). The Plaintiff has presented no evidence of spoliation and, accordingly, Rule 59(e) relief on that basis is not warranted.

The Plaintiff further argues that the Defendants violated the discovery rules by failing to produce an April 26, 2016 email addressing the lost medical records, and that this violation precludes summary judgment. The email at issue, which the Plaintiff attached to his Complaint [Doc. 1-1 at 34], was obtained from NCDPS by Plaintiff's former attorney in 2018[8] [Doc. 201-2:

---

[8] According to the Plaintiff, attorney Mary Exum "was hired to pursue this civil case [and]

Plaintiff's Affid. at 22]. The Plaintiff complains that the Defendants failed to include that email in its production of documents in the instant case, even though it was encompassed by Plaintiff's discovery request. Any discovery violation that may have occurred was harmless, as the email was already in the Plaintiff's possession at the time he initiated this action. See Wilkins v. Montgomery, 751 F.3d 214, 222 (4th Cir. 2014) (district courts are accorded "broad discretion" to determine whether a nondisclosure of evidence is substantially justified or harmless…."). Therefore, the Court finds that Rule 59(e) relief is not warranted on the basis of the alleged discovery violation.

Finally, the Plaintiff has filed a Motion to Strike Defendant Brewton's Affidavit in support of Defendants' Motion for Summary Judgment because the Affidavit is unsigned. [Doc. 203]. The Defendants have now provided the signature. [Doc. 204-1]. As the issue has been corrected, there is no basis to strike the Affidavit. See Fed. R. Civ. P. 11(a); Becker v. Montgomery, 532 U.S. 757, 765 (2001) ("The remedy for a signature omission … is part and parcel of the requirement itself."). Accordingly, the Motion to Strike is denied. Further, this issue does not warrant Rule 59(e) relief.

---

at a later time was disbarred." [Doc. 201-2 at 22]. Ms. Exum never entered a notice of appearance in the instant case.

The Plaintiff does not present any change in controlling law, new evidence, error of law or manifest injustice that would warrant relief under Rule 59(e). Accordingly, the Motion to Alter or Amend is denied.[9]

**IT IS, THEREFORE, ORDERED** that:

1) The Plaintiff's Motion in Opposition to Defendant's Motion for Summary Judgment [Doc. 201] is construed as a Response to Defendants' Motion for Summary Judgment. The Clerk is instructed to terminate this pleading as a Motion.

2) The Plaintiff's Motion to Strike Defendant Brewton's Affidavit [Doc. 203] is **DENIED**.

3) The Plaintiff's Motion to Alter or Amend the Court's Memorandum of Decision and Order [Doc. 205] is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 7, 2022

Martin Reidinger
Chief United States District Judge

---

[9] The Motion to Alter or Amend would also be denied if it were considered under Rule 60(b).